**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose Guadalupe VALENZUELA,**
**Defendant-Appellant.**

**No. 80–1181.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1980.

Decided Oct. 6, 1980.

As Amended on Denial of Rehearing
Dec. 8, 1980.

Michael D. Nasatir, Nasatir, Sherman & Hirsch, Los Angeles, for defendant-appellant.

Robert J. Perry, Asst. U.S. Atty., Los Angeles, argued for plaintiff-appellee; Andrea Sheridan Ordin, U.S. Atty., Los Angeles, on brief.

Before TRASK and SKOPIL, Circuit Judges, and SOLOMON, District Judge.*

* The Honorable Gus J. Solomon, Senior District Judge for the District of Oregon, sitting by designation.

SKOPIL, Circuit Judge:

Jose Guadalupe Valenzuela was convicted of nine offenses, including one conspiracy count (21 U.S.C. § 846); seven substantive narcotic counts (21 U.S.C. § 841(a)(1)); and one continuing criminal enterprise count (21 U.S.C. § 848).

Valenzuela was sentenced to fifteen years on the conspiracy count and fifteen years on each of three substantive counts, the four sentences to run consecutively. He was also sentenced to fifteen years on each of the remaining substantive counts, the sentences to run consecutively. On the continuing criminal enterprise count, he received life imprisonment without possibility of parole. In addition, the trial court imposed a special 10-year parole term for the conspiracy and substantive counts. The two sixty year terms were to run concurrently with each other and with the life imprisonment sentence.

Valenzuela's conviction was affirmed by this court. *United States v. Valenzuela*, 596 F.2d 1361 (9th Cir.), *cert. denied*, 444 U.S. 865, 100 S.Ct. 136, 62 L.Ed.2d 88 (1979). This court found:

> The factual record reveals that the United States Drug Enforcement Administration conducted a long term national and international investigation to neutralize the so-called Valenzuela family organization, one of the major sources of Mexican heroin in the United States. The Valenzuela organization was responsible for the importation of vast quantities of heroin which were distributed to customers from Los Angeles, New York, and other cities. The organization was controlled and directed by Jose and his fugitive brother Fernando Valenzuela (Fernando).

596 F.2d at 1362.

On December 14, 1979 Valenzuela moved to reduce and modify his sentence (Fed.R. Crim.P. 35). The motion was denied. Valenzuela appeals.

Valenzuela first contends that his sentence of a life term with no possibility of parole violates the eighth amendment's proscription of cruel and unusual punishment.

*Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), has significantly limited the availability of Valenzuela's argument that his sentence is disproportionate to the crime of which he was convicted, and therefore violates the eighth amendment. In that case, the Court stated that "for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative." Act 274, 100 S.Ct. at 1139, 63 L.Ed.2d at 391. In a footnote, the Court added: "This is not to say that a proportionality principle would not come into play in the extreme example mentioned by the dissent, post, at [288, 100 S.Ct. at 1146], 63 L.Ed.2d 400, if a legislature made overtime parking a felony punishable by life imprisonment." At 274, n.11, 100 S.Ct. at 1139, n.11, 63 L.Ed.2d at 391 n.11. *See Britton v. Rogers*, 631 F.2d 572 at 579 (8th Cir. 1980); *Terrebone v. Blackburn*, 624 F.2d 1363, 1371 (5th Cir. 1980) (Frank M. Johnson, Jr., J., concurring).

Valenzuela compares a life sentence without parole to a death sentence. He suggests that *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), requires that guidelines or standards govern a judge's decision to impose a life sentence for violation of the continuing criminal enterprise statute (21 U.S.C. § 848). This suggestion has never been accepted. *See Furman v. Georgia, supra*, 408 U.S. at 345–46 & nn. 90 & 91, 92 S.Ct., at 2780–2781 & nn. 90 & 91 (concurring opinion of Marshall, J.).

The Supreme Court has never indicated that a life sentence without parole is constitutionally different from other imprisonment sentences. *See Schick v. Reed*, 419 U.S. 256, 267 & n. 7, 95 S.Ct. 379, 385 & n. 7, 42 L.Ed.2d 430 (1974). *See also Moore v. Cowan*, 560 F.2d 1298, 1302–03 (6th Cir. 1977), *cert. denied*, 435 U.S. 929, 98 S.Ct. 1500, 55 L.Ed.2d 525 (1978); *United States v. Bergdoll*, 412 F.Supp. 1308, 1319 (D.Del. 1976).[1]

■ The punishment provision of section 848, as applied to the facts of this case, does not violate the eighth amendment.

■ Valenzuela argues alternatively that section 848 is so confusing that it should not be read as barring the possibility of parole. In 1976 Congress revised and re-enacted the parole statutes. *See* Act of March 15, 1976 Pub. Law No. 94–233, 90 Stat. 233 (1975). In re-enacting these provisions Congress failed to change a cross reference in section 848. Valenzuela contends that this failure makes the reference in section 848 to the parole statutes vague and confusing. We disagree.

Congress clearly intended to make parole unavailable to those who violated section 848. There is no indication that Congress intended to change this penalty when it re-enacted the parole statutes.

AFFIRMED.

---

1. The recent decision of the Fifth Circuit in *Terrebonne v. Blackburn*, 624 F.2d 1363 (5th Cir. 1980) is not to the contrary. In that case, the statute involved, La.Rev.Stat.Ann. § 40:966 (1980) (West), mandated a life sentence without regard to the particular conduct of the defendant. The Fifth Circuit reversed the district court's denial of a writ of habeas corpus, and remanded the case for consideration of:

> Terrebonne's age, the small amount of heroin involved, and the fact that he distributed heroin to adults as opposed to children ... that Terrebonne was an addict at the time of the

transaction, that he distributed heroin to receive a dose necessary to stave off the pain of withdrawal, that he did not distribute heroin for pecuniary gain, and that he had never before distributed any drugs.

624. F.2d at 1371 (footnote omitted). In this case, by contrast, the district court exercised its discretion under 21 U.S.C. § 848 in imposing a life sentence, based upon its finding of a long-term, large-scale, highly profitable drug operation. *United States v. Valenzuela*, 596 F.2d at 1362.