**UNITED STATES of America, Appellee,**

v.

**Larry E. STEAD, Appellant.**

**No. 84–1343.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 16, 1984.

Decided Aug. 8, 1984.

Rehearing and Rehearing En Banc
Denied Sept. 7, 1984.

---

Thomas E. Dittmeier, U.S. Atty., Pamela H. Bucy, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Larry E. Stead, appellant pro se.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Larry E. Stead was convicted on January 23, 1969, of attempting to enter a federally insured institution with intent to commit larceny in violation of 18 U.S.C. § 2113(a). *United States v. Stead,* 422 F.2d 183 (8th Cir.), *cert. denied,* 397 U.S. 1080, 90 S.Ct. 1534, 25 L.Ed.2d 816 (1970). He was sentenced to twenty years in the custody of the Attorney General.[1] He now appeals the district court's[2] denial of his petition for post-conviction relief under 28 U.S.C. § 2255. In that petition, he alleged that his 20 year sentence is a punishment disproportionate to his offense and thus constitutes cruel and unusual punishment in violation of the Eighth Amendment. We affirm.[3]

Stead argues that under the statutory scheme established by 18 U.S.C. § 2113, a person may be sentenced to a maximum of 20 years for attempted larceny [18 U.S.C. § 2113(a) ],[4] but a maximum of only one year for a completed larceny of property of a value not exceeding $100 and ten years for a completed larceny of property of a value exceeding $100 [18 U.S.C. § 2113(b) ].[5] He argues that imposition of an "extremely greater" penalty of twenty years for the lesser included offense of attempted larceny constitutes cruel and unusual punishment.

Stead's argument is without merit. He was not convicted of attempted larceny. Rather, he was convicted under § 2113(a) of attempting to enter a bank or savings and loan with the intent to commit larceny, an offense deemed by Congress to be more serious than simple larceny. The original

---

1. Stead escaped from custody in 1974. He was released on parole in 1977, but was returned to prison as a parole violator. In 1983 he again escaped. His appeal from his second escape conviction is pending.

2. The Honorable James H. Meredith, United States District Judge for the Eastern District of Missouri.

3. We assume for the purposes of this opinion that this claim is properly before us. There is some question as to whether Stead raised his Eighth Amendment claim in an earlier § 2255 petition and therefore should be precluded from raising it here.

4. 18 U.S.C. § 2113(a) provides in pertinent part:
    Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
    Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

5. 18 U.S.C. § 2113(b) provides that:
    (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or
    Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

Bank Robbery Act, which was enacted in 1934, proscribed robbery, robbery accompanied by aggravated assault, and homicide committed in the course of a robbery or escape thereafter. The Act was amended in 1937 to add two larceny provisions later consolidated in § 2113(b), and to add the crime of entering or attempting to enter a bank or savings and loan with the intent to commit any felony or larceny, now found in § 2113(a).

The reason for adding unlawful entry was explained by the Supreme Court in *Prince v. United States*, 352 U.S. 322, 328, 77 S.Ct. 403, 406, 1 L.Ed.2d 370 (1957), as follows:

> It is a fair inference from the wording in the Act, uncontradicted by anything in the meager legislative history, that the unlawful entry provision was inserted to cover the situation where a person enters a bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime. The gravamen of the offense is not in the act of entering * * *. Rather the heart of the crime is the intent to steal.

Section 2113(b), which carries a lesser sentence for simple larceny, was designed "to cover a situation where a person entered a bank with no unlawful intent, but after entry formed an intent to commit, and committed a larceny, or where a larceny was committed and the fact of entry with unlawful intent could not be established." *Purdom v. United States*, 249 F.2d 822, 827 (10th Cir.1957), *cert. denied*, 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273 (1958); *Brunjes v. United States*, 329 F.2d 339, 341 (7th Cir.), *cert. denied*, 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751 (1964); *Robinson v. United States Board of Parole*, 403 F.Supp. 638, 642 (W.D.N.Y.1975). Imposition of a heavier sentence for the more serious crime, entry with intent under § 2113(a), cannot be considered a per se violation of the Eighth Amendment.

Stead also argues that even if the sentencing scheme of § 2113 is constitutional, the maximum sentence of 20 years for attempted entry with the intent to commit larceny is unconstitutionally disproportionate to the severity of his offense, citing *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). We disagree. Unlike *Solem v. Helm*, the present case involves a sentence for a term of years, not a life sentence. As the Supreme Court remarked in *Solem v. Helm*, although a 25 year sentence is more severe than a 15 year sentence, "in most cases it would be difficult to decide that the former violates the Eighth Amendment while the latter does not." *Id.* at 3012. Recidivism is also a significant factor; Stead had prior convictions. Finally, unlike the respondent in *Solem v. Helm*, Stead was eligible for parole.

We conclude that the 20 year maximum sentence, while severe for the offense committed here, is not so harsh as to constitute cruel and unusual punishment. *See Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (mandatory life sentence with eligibility for parole pursuant to recidivist statute not so disproportionate as to constitute cruel and unusual punishment).

Judgment affirmed.