**Billy Roy TYLER, Appellant,**

v.

**Frank GUNTER and Gary Grammer, Appellees.**

No. 86–2378.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1987.

Decided June 1, 1987.

---

Terry Wittler, Lincoln, Neb., for appellant.

Sharon M. Lindgren, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before ARNOLD, Circuit Judge, WRIGHT,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

EUGENE A. WRIGHT, Senior Circuit Judge.

Tyler seeks habeas corpus relief from a five year sentence for possession of ⅛th of a gram of hashish. He alleges that the sentence violates the Eighth Amendment's provision against cruel and unusual punishment. We disagree.

BACKGROUND

While jailed for traffic violations, Tyler was found with hashish about the size of ¼th of an aspirin tablet. Representing himself, he pleaded no contest to a charge of knowingly possessing a controlled substance other than marijuana. A presentence investigation report noted that he had three other drug-related convictions, three felony convictions, and 10 misdemeanor convictions. The judge sentenced Tyler to not less than 20 months nor more

than five years in jail, a sentence within the statutory limit.

Tyler appealed his sentence to the Nebraska Supreme Court which affirmed, finding no abuse of discretion. He now seeks federal habeas corpus relief. The state argues that he failed to exhaust his remedies in state court.

I. *Exhaustion Doctrine*

■ We review a habeas corpus petition after the state court has considered the petitioner's claim. *See Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 620, 88 L.Ed.2d 598 (1986); *Martin v. Solem,* 801 F.2d 324, 330 (8th Cir.1986). He must present the substance of his federal habeas claim to the state court. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct 276, 277, 74 L.Ed.2d 3 (1982); *Martin,* 801 F.2d at 330. "It is not enough that all the facts necessary to support the federal claim" are presented. *Martin,* 801 F.2d at 330 (citing *Harless,* 459 U.S. at 6, 103 S.Ct. at 277). The petitioner must state his federal habeas claim with enough particularity that a specific constitutional right is relied on or "allege 'a pattern of facts that is well within the mainstream of constitutional litigation.'" *Id.* 801 F.2d at 331 (citing *Daye v. Attorney General,* 696 F.2d 186, 194 (2d Cir. 1982)); *Purnell v. Missouri Dep't of Corrections,* 753 F.2d 703, 707 (8th Cir.1985) (must present state court claims on same grounds as in federal proceeding). Once the state court has a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," the exhaustion doctrine is satisfied. *Harless,* 459 U.S. at 6, 103 S.Ct. at 277; *Martin,* 801 F.2d at 330.

Tyler presented his Eighth Amendment claim to the state court. He stated in several pleadings that his sentence violated the Eighth Amendment, and he cited relevant case law.[1] Tyler need only present

---

* The Hon. Eugene A. Wright, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. Tyler cites the following from his briefs to the Nebraska Supreme Court: (1) "in excess of that

which the nature of the offense and circumstances of the case demand and inflicts cruel and unusual punishment upon appellant in violation of his Eighth Amendment right to be free therefrom,"; (2) "is cruel and unusual punishment upon appellant proscribed by the Eighth

the state court with an opportunity to rule; he need not obtain a precise ruling. *See Harless*, 459 U.S. at 6, 103 S.Ct. at 277. He exhausted his state remedies.[2]

We address the merits of Tyler's request for habeas relief.

## II. *Eighth Amendment*

■ Tyler argues that a five-year sentence for possessing ⅛th of a gram of hashish is cruel and unusual punishment violating the Eighth Amendment.[3] The Eighth Amendment prohibits sentences disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637 (1983).

To determine whether a sentence is so disproportionate that it violates the Eighth Amendment, we must (1) weigh the gravity of the offense and the harshness of the penalty, (2) compare sentences imposed for other crimes in the same jurisdiction, and (3) compare sentences imposed for the same crime in other jurisdictions. *Id.* at 292, 103 S.Ct. at 3010.

Even applying this balancing test, a successful challenge of a sentence is rare. *Helm*, 463 U.S. at 289–90, 103 S.Ct. at 3009–10 (citing *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980)); *Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct. 703, 705, 70 L.Ed.2d 556 (1982). We defer substantially to a legislature's broad authority to determine the types and limits of punishment and to trial courts who have the discretion to sentence offenders. *Helm*, 463 U.S. at 290, 103 S.Ct. at 3009. "In view of the substan-

tial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Helm*, 463 U.S. at 290 n. 16, 103 S.Ct. at 3009 n. 16.

Notwithstanding Tyler's well-written brief and research, extended analysis is not needed to determine that his sentence does not violate the Eighth Amendment. Rather, Supreme Court and circuit precedent establish that this sentence is not cruel and unusual. A review of case law indicates that the Supreme Court does not invalidate a sentence unless it is grossly disproportionate to the crime.[4] *See Davis*, 454 U.S. at 377, 102 S.Ct. at 707 (concurring, Powell, J.).

The Court found recently that two 20–year sentences for possessing nine ounces of marijuana and attempting to sell three ounces of marijuana, as well as LSD capsules, were not grossly excessive. *Id.* at 370, 102 S.Ct. at 703. A life sentence with parole in 12 years for three felonies involving fraud of sums less than $121 was also not grossly excessive. *Rummel*, 445 U.S. at 284–85, 100 S.Ct. at 1144–45.

We have followed these precedents by deferring to trial courts and state legislatures in determining appropriate sentences. *United States v. DeNoyer*, 811 F.2d 436, 441–42 (8th Cir.1987) (18–year sentence for sodomy not excessive); *Stevens v. Armontrout*, 787 F.2d 1282 (8th Cir.1986) (two-hundred-year sentence for second degree murder not excessive); *Kohley v.*

Amendment to the U.S. Constitution,"; and (3) "to include the argument that *Solem v. Helm,* ... it was recognized that the Eighth Amendment proscripts against cruel and unusual...." (citations omitted).

**2.** *E.g., Hall v. Iowa,* 705 F.2d 283, 287–88 (8th Cir.), *cert. denied,* 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 307 (1983) (exhaustion when petitioner cited to case predicated on same ground as habeas petition); *Morrow v. Wyrick,* 646 F.2d 1229, 1232 (8th Cir.), *cert. denied,* 454 U.S. 899, 102 S.Ct. 2101, 70 L.Ed.2d 216 (1981) (exhaustion when petitioner presented basic argument of constitutional issue and citations to state court); *cf. Thomas v. Wyrick,* 622 F.2d 411, 413 (8th Cir.1980), *cert. denied,* 459 U.S. 1175, 103

S.Ct. 824, 74 L.Ed.2d 1020 (1983) (no exhaustion when references to denial of fair trial without any citation to federal constitution or federal case).

**3.** The Eighth Amendment provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

**4.** *Helm* found cruel and unusual punishment, and thus a grossly disproportionate sentence, because the defendant was sentenced to life without the possibility of parole. *Helm,* 463 U.S. at 277, 103 S.Ct. at 3001. *Cf. Rummel,* 445 U.S. at 263, 100 S.Ct. at 1133.

*United States,* 784 F.2d 332 (8th Cir.1986) (54–month sentence for embezzlement not excessive); *United States v. Stead,* 740 F.2d 657 (8th Cir.), *cert. denied,* 469 U.S. 1090, 105 S.Ct. 600, 83 L.Ed.2d 709 (1984) (20 years for attempt to enter federally insured institution not excessive); *Fowler v. Parratt,* 682 F.2d 746, 752 (8th Cir.1982) (15–year sentence for fraud not excessive).

Though Tyler's sentence may appear harsh, it does not violate the Eighth Amendment. He had several drug-type convictions. When a defendant has repeated offenses, the state need not treat him as a first offender. *Rummel,* 445 U.S. at 284, 100 S.Ct. at 1144; *see Stead,* 740 F.2d at 659. In deference to trial judges and legislatures, we deny this habeas corpus petition and Tyler's motions.

AFFIRMED.