**UNITED STATES of America, Plaintiff,**

v.

**James I. FREEMAN, Defendant.**

**No. LR–CR–86–50.**

United States District Court,
E.D. Arkansas, W.D.

June 25, 1987.

Patrick Harris, Asst. U.S. Atty., Little Rock, Ark., for plaintiff.

John Wesley Hall, Jr., Little Rock, Ark., for defendant.

## ORDER

HENRY WOODS, District Judge.

Pending now is the motion for reduction of sentence of the defendant, James I. Freeman, filed pursuant to Federal Rule of Criminal Procedure 35. For the reasons that follow the defendant's motion is denied.

The defendant pled guilty to one count of employing, using, persuading, coercing, or inducing a sixteen-year-old female minor to engage in sexually explicit conduct for the purpose of producing a videotape for transportation in interstate commerce through the mails, all in violation of 18 U.S.C. § 2251(a). The maximum penalty the defendant could have received was a fine of $100,000 or ten years in prison. 18 U.S.C. § 2251(c). The defendant argues now that his sentence of six years in a federal correctional institution violates the Eighth Amendment's prohibition of cruel and unusual punishment in that it is disproportionate to the crime committed. The court disagrees.

In *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court enumerated the factors to be considered in determining whether a sentence is so disproportionate that it violates the Eighth Amendment. The court must (1) weigh the gravity of the offense and the harshness of the penalty, (2) compare sentences imposed for other crimes in the same jurisdiction, and (3) compare sentences for the same crime in other jurisdictions. *Id.* at 292, 103 S.Ct. at 3010. The defendant's argument—that his sentence is constitutionally disproportionate—is based on the extensive research of his attorney who surveyed all of the cases reported under sections 2251–2255 and concluded that the average sentence for violation of these sections was only 3.1 years. Although the defendant's sentence appears to be nearly twice the national average, this court is not convinced that it is so severe as to be unconstitutional. Nor is this court convinced that the sentence should be reduced.

In *Tyler v. Gunter*, 819 F.2d 869 (8th Cir.1987), the defendant argued that a five-year sentence for possession of ⅛ gram of hashish (about the size of ¼ of an aspirin tablet) was grossly excessive and in violation of the Eighth Amendment. The court referred to the factors set forth in *Solem*, but found that "[n]otwithstanding Tyler's well-written brief and research," extended analysis was not needed to determine that the sentence did not violate the Eighth Amendment. At 871. Emphasizing that a successful Eighth Amendment challenge to a sentence is rare,[1] the court said that it must "defer substantially to a legislature's broad authority to determine the types and limits of punishment and to trial courts

---

**1.** For a review of Eighth Circuit cases holding sentences "not excessive" *see, supra, Tyler v.* *Gunter,* at 871.

who have the discretion to sentence offenders." *Id., citing Solem v. Helm,* 463 U.S. at 290, 103 S.Ct. at 3009.

The sentence imposed here was well within the statutory guidelines, six years out of a possible ten, and is not unprecedented in this jurisdiction[2] or others.[3] Moreover, the harshness of the penalty is not disproportionate to the gravity of the crime. At the sentencing hearing I characterized the defendant's attempt to capitalize commercially on the sexual exploitation of a minor as a "heinous" crime. (Tr. 9). And I said that I was going to do everything I could to prevent the [child pornography] industry from becoming established in this part of the country. *Id.* A harsh sentence for conduct deemed to be in violation of section 2251 is but a means to that end.

Furthermore, I give little credence to the defendant's argument that the "victim," a sixteen-year-old minor female, was not harmed by his conduct. The statute under which the defendant was convicted was enacted for the protection of children under the age of 18. The House Committee on the Judiciary, in addressing the need for legislation, stated that

> [t]he creation and proliferation of child pornography is no less than a national tragedy. Each year tens of thousands of children under the age of 18 are believed to be filmed or photographed while engaging in sexually explicit acts for the producer's own pleasure or profit. The *Protection of Children Against Sexual Exploitation Act of 1977 was designed to address this inexcusable abuse of children.* [emphasis added].

H.R.Rep. No. 536, 98th Cong., 2d Sess. 1, *reprinted in* 1984 *U.S.Code Cong. & Admin.News* 492. In light of the purpose of the legislation, to protect children from those who would sexually exploit them, the court finds that any assessment made after the fact to the effect that little actual emotional or physical harm was inflicted on the minor must carry little weight.

Accordingly, the court finds that the six-year sentence given the defendant for violation of 18 U.S.C. § 2251(a) is not so excessive as to violate the Eighth Amendment, and that the defendant's motion for a reduction of sentence should be, and is hereby, denied.

---

**2.** The government's brief cites an unreported case from this district in which the defendant was sentenced to the maximum ten years after pleading guilty to one count of violating 18 U.S.C. § 2252. *See United States v. Williams,* —— F.Supp. ——, No. LR–CR–86–195 (E.D.Ark. 1986) (Howard, J.).

**3.** The government's brief also cites unreported cases from the district courts of Oklahoma, Maine and Texas in which sentences of six to twenty years were handed down for violations of 18 U.S.C. § 2252. (Government's Brief at 3).