**UNITED STATES of America, Appellee,**

v.

**Ross Alan MILBURN, Appellant.**

**No. 86-1855.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1987.

Decided Jan. 4, 1988.

Rehearing and Rehearing En Banc
Denied Feb. 17, 1988.

Leonard J. Frankel, Clayton, Mo., for appellant.

James Crowe, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and BEAM,* District Judge.

McMILLIAN, Circuit Judge.

Appellant Ross Alan Milburn appeals from a final order entered in the District Court[1] for the Eastern District of Missouri denying his Fed.R.Crim.P. 35(b) motion for reduction of sentence. Appellant was convicted by a jury of maintaining a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 (1982) and of conspiring to commit tax fraud in violation of 18 U.S.C.A. § 371 (1982). The district court entered, judgment on the jury verdict and sentenced appellant to life imprisonment without parole on the CCE charge and to a concurrent five-year term of imprisonment and $10,000 fine for the tax offense. *United States v.*

*Milburn,* No. 51–82–2066R(3) (E.D. Mo. July 1, 1983). A life sentence is the maximum penalty under 21 U.S.C. §§ 848(a)(1), 848(c) (1982).

This court on direct appeal affirmed, albeit with reservations, appellant's conviction and sentence. Speaking for the court, Judge Heaney stated: "Although we feel obliged to uphold this sentence, we note that it is very severe. We suggest that the district court may wish to reconsider the severity of this sentence under Fed.R. Crim.P. 35." *United States v. Lewis,* 759 F.2d 1316, 1335 (8th Cir.) (*Lewis*), *cert. denied,* 474 U.S. 994, 106 S.Ct. 407, 88 L.Ed.2d 357 (1985). Appellant evidently took note of this suggestion and filed a Rule 35(b) motion; the district court denied the Rule 35(b) motion for reduction of sentence. *United States v. Milburn,* No. 83–206CR(3), slip op. at 2 (E.D. Mo. June 22, 1986). This appeal followed.

The question for decision is whether the district court abused its discretion in denying appellant's Rule 35(b) motion for reduction of his sentence. For the reasons noted below, we think not and will accordingly affirm.

Appellant argues vigorously that denial of his Rule 35(b) motion was a clear abuse of discretion because the sentence imposed violates the eighth amendment. In support of his argument, he cites *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (*Solem*). In *Solem* the Supreme Court held that a life sentence without the possibility of parole for utterance of a "no account check" for $100 under South Dakota's recidivist statute was cruel and unusual punishment forbidden by the eighth amendment. *Id.* at 296–97, 103 S.Ct. at 3012–13. Finding that prison sentences are subject to a proportionality review, the Supreme Court set out three criteria which reviewing courts should examine in deciding challenges to sentencing: (1) the gravity of the offense and the harshness of the

---

* The Honorable Clarence A. Beam, United States District Judge for the District of Nebraska, sitting by special designation. On November 9, 1987, Judge Beam was confirmed as U.S. Circuit Judge for the Eighth Circuit.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

penalty; (2) the sentences imposed on other criminals in the same jurisdiction, that is, whether more serious crimes are subject to the same penalty or to less severe penalties; and (3) the sentences imposed for the commission of the same crime in other jurisdictions. *Id.* at 290–92, 103 S.Ct. at 3009–10.

Granted, as we noted in appellant's direct appeal, a life sentence without the possibility of parole is a particularly harsh penalty. *Lewis,* 759 F.2d at 1334, 1335. But, even in the wake of *Solem,* a successful challenge to a sentence is rare. *E.g., Tyler v. Gunter,* 819 F.2d 869, 871 (8th Cir.1987) (*Tyler*). In upholding a five-year sentence for possession of ⅛ gram of hashish, the *Tyler* court deferred to a "legislature's broad authority to determine the types and limits of punishment." *Id.*

■ This deference to Congress' legislative authority and judgment is also appropriate in this case. The statutory framework of 21 U.S.C. § 848 reflects an intent on the part of Congress to heavily penalize the organizers and leaders of the illegal drug trade. As revealed by evidence introduced at trial, appellant is the type of large scale drug trafficker Congress intended to "keep out of circulation." H.R.Rep. No. 1444, 91st Cong., 2d Sess. pt. 1 at 10, *reprinted in* 1970 U.S. Code Cong. & Ad. News 4566, 4576. Excerpts from the panel opinion reveal the extent of appellant's participation in drug trafficking and thus the gravity of his offense.[2] *Lewis,* 759 F.2d at 1331, 1334. When one considers the extent and boldness of appellant's activities, one cannot but conclude that the sentence imposed was consistent with the intent of Congress.

■ While appellant's next argument, that there is a disparity between his sentence and the sentences of those convicted of violent crimes, such as assault with intent to commit murder or rape, may be true as a general observation, such a comparison is inappropriate with regard to CCE violations. In *United States v. Becton,* 817 F.2d 468 (8th Cir.1987) (*Becton*), we upheld a 25 year sentence on a CCE conviction and declined to compare CCE violations with other types of crimes. "Comparison between sentences under different statutes may be valuable in other cases, but not in the CCE context." *Lewis,* 759 F.2d at 1334.

Within our circuit, severe sentences for CCE offenders have been upheld on appeal. *See, Becton* 817 F.2d at 469 (25 year sentence, Eastern District of Missouri); *United States v. Lueth,* 807 F.2d 719, 724 (8th Cir.1986) (20 year sentence); *United States v. Jones,* 801 F.2d 304, 307 (8th Cir.1986) (co-defendants sentenced to 20–22 years). Up to now, except for the present case, no court within this circuit has ever imposed a life sentence without the possibility of parole for a CCE offense. The longest sentence imposed in the Eastern District of Missouri for a § 848 violation is 40 years. *United States v. Kirk,* 534 F.2d 1262 (8th Cir.1976), *cert. denied,* 430 U.S. 906, 97 S.Ct. 1174, 51 L.Ed.2d 581 (1977). When compared to other sentences imposed in this circuit, appellant's sentence, admittedly severe, is not grossly disproportionate to his offense.

We further note that a survey of sentences imposed for CCE offenses in other jurisdictions, as observed by the panel opinion, reveals that appellant's harsh sentence is not unusual. *Lewis,* 759 F.2d at 1335.

**2.** Careful review of the trial transcript suggests that [appellant] occupied a sufficiently central role to be regarded as holding a "position of organizer, a supervisory position or any other position of management." In addition, it seems clear that at least five others participated in the enterprise in such a way that they could be said to have fallen under [appellant's] manage authority.

\*    \*    \*    \*    \*    \*

[T]he organizing and running of [appellant's] continuing criminal enterprise over four years involved scores, if not hundreds, of felonies as he distributed marijuana and cocaine and as he used the telephone to facilitate the commission of these offenses. In addition, the record confirms that appellant had three previous felony convictions for drug possession and sale.

*United States v. Lewis,* 759 F.2d 1316, 1331, 1335 (8th Cir.), *cert. denied,* 474 U.S. 994, 106 S.Ct. 407, 88 L.Ed.2d 357 (1985).

Moreover, life sentences have been imposed under the CCE statute in other jurisdictions. *United States v. Erwin,* 793 F.2d 656 (5th Cir.1986) (life sentence); *United States v. Rhodes,* 779 F.2d 1019, 1026 (4th Cir.1985), *cert. denied,* 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986) (50 and 75 year sentences without parole); *Williams v. United States,* 731 F.2d 138 (2d Cir.), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *Sperling v. United States,* 692 F.2d 223, 225 (2d Cir.1982), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983); *United States v. Valenzuela,* 646 F.2d 352, 353 (9th Cir. 1980); *United States v. Bolts,* 558 F.2d 316, 319 (5th Cir.1977), *cert. denied,* 439 U.S. 898, 99 S.Ct. 262, 58 L.Ed.2d 246 (1978). Consequently, we find no clear abuse of discretion, or any abuse at all, in the district court's denial of the motion to reduce appellant's life sentence on the grounds it was grossly disproportionate to those imposed for CCE violations.

■ In conclusion, appellant argues that there is a gross disparity between his sentence and those sentences imposed upon his associates. Appellant's requested comparison must fail. First, appellant, unlike his associates, was convicted under the CCE statute, and secondly, he was the organizational head and director of the activities of at least five other people in carrying out his unlawful enterprises. *Lewis,* 759 F.2d at 1334. Consequently, we find no abuse of the sentencing judge's discretion in his imposition of disparate sentences on appellant's co-defendants under the circumstances of this case. *See United States v. Wilson,* 787 F.2d 375, 384 (8th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 197, 93 L.Ed. 2d 129 (1986).

Accordingly, the order of the district court is affirmed.