UNITED STATES of America, Appellee,

v.

Jackie RICHARD (Black
Bear), Appellant.

No. 87–5259.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1988.

Decided April 12, 1989.

Bruce Ellison, Rapid City, S.D., for appellant.

Lonnie Bryan, Rapid City, S.D., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN *, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Jackie Richard appeals from her conviction for distributing less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) (1982). We affirm the judgment of the district court.[1]

## I. BACKGROUND

A paid government informant, Nathan Moose, was hired by the Federal Bureau of Investigation (FBI) to attempt drug purchases on the Pine Ridge Indian Reservation. On September 23, 1986, Moose contacted Richard at a residence owned by her mother-in-law. Moose concluded that Richard was under the influence of marijuana. Nevertheless, he persuaded Richard to sell him one-quarter of an ounce of marijuana for $60.00. It is undisputed that Richard sold Moose the drugs only after Moose previously made three unsuccessful attempts. On April 9, June 6, and August 7, 1986, Moose attempted unsuccessfully to purchase drugs from Richard.

Richard's defense was that she was entrapped because she sold Moose marijuana only after having been requested to sell drugs on three prior occasions. Richard also defended against the drug charges by

---

* Judge McMillian participated at oral argument and voted at conference in favor of the result reached here. However, because of illness he did not vote on the final opinion.

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

arguing that she was under the influence of marijuana and thus unable to form the specific intent necessary to satisfy 21 U.S.C. § 841(a)(1). The district court denied all of Richard's motions for judgment of acquittal. The court, however, instructed the jury on the issues of entrapment and intoxication.

The jury found Richard not guilty of possession with intent to distribute. Nevertheless, the jury found Richard guilty of distribution. The district court sentenced Richard to thirty months incarceration. This appeal followed and for the following reasons we affirm.

## II.  DISCUSSION

Richard raises several issues on appeal, only two of which warrant discussion.

### A.  Entrapment

■ Richard argues that she was entrapped as a matter of law and therefore the district court erred in denying her motions for judgment of acquittal.

This is not the first time that this court has had an occasion to review FBI Agent Graf's use of paid informants to combat drug distribution on the Pine Ridge Indian Reservation. *See United States v. Janis*, 831 F.2d 773, 777 (8th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1046, 98 L.Ed.2d 1009 (1988). In *Janis* we were faced with the question of whether the arrangement between Agent Graf and his informant was an impermissible contingent fee arrangement. Although analytically distinct from entrapment, the issue in *Janis* posed similar concerns. *Id.*

Entrapment as a matter of law is established when the evidence clearly indicates that a "government agent originated the criminal design; that the agent implanted in the mind of an innocent person the disposition to commit the offense; and that the defendant then committed the criminal act at the urging of the government agent." *United States v. Shaw*, 570 F.2d 770, 772 (8th Cir.1978) (citations omitted).

As this court noted in *United States v. Lard*, 734 F.2d 1290, 1293 (8th Cir.1984), the critical question in the entrapment analysis is "whether the government agent caused or induced the defendant to commit a crime he was not otherwise predisposed— *i.e.*, willing and ready—to commit whenever a propitious opportunity arose." This court has also noted that "[i]n distinguishing between the naive first offender and the street wise habitue, the cases reveal that the most important predisposition factor is whether a defendant's reluctance to engage in criminal activity has been overcome by repeated government inducement." *United States v. Dougherty*, 810 F.2d 763, 769 (8th Cir.1987) (citation omitted).

The instant case presents the court with a difficult question. There is no doubt that Richard was guilty of possession of marijuana. Richard, however, was not charged with simple possession; she was charged with possession with intent to distribute and distribution, serious charges. Richard, nevertheless, was found not guilty of possession with intent to distribute. Apparently the jury was not persuaded that Richard possessed the marijuana with intent to distribute it. The jury, however, convicted Richard of actually distributing marijuana.

Arguably the jury's finding of no guilt on the possession with intent to distribute charge shows that Richard was not predisposed to distribute marijuana, thus adding credence to her entrapment claim. This argument is even more persuasive considering the fact that Richard sold the marijuana on the informant's fourth attempt to buy drugs from her and at a time when she was intoxicated.

We are forced in this case to draw the difficult line that distinguishes "between the trap for the unwary innocent and the trap for the unwary criminal." *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848 (1958). We reluctantly conclude that Richard was not entrapped as a matter of law. While we do not believe that Richard was entrapped as a matter of law there was sufficient evidence to allow Richard to argue that defense to the jury. Indeed, the district court

properly instructed the jury on the entrapment defense.

## B. Cruel and Unusual Punishment

■ Richard argues that the imposition of a thirty month sentence for distributing one-quarter of an ounce of marijuana constitutes cruel and unusual punishment. Richard notes that she was convicted under a statute that covers distribution of up to fifty kilograms (110 pounds) of marijuana and carries a maximum sentence of five years imprisonment and a $250,000 fine. Richard notes that she received half of the maximum sentence for her first offense of distributing a small amount of marijuana. Richard also notes that the Bureau of Prisons Guidelines for such an offense are 0–4 months and if this case were under the new sentencing guidelines, which it is not, the range would be 0–6 months.

Our review of a sentence which is within the statutory limits is subject to very limited review. Such a sentence is only reviewable by a federal appellate court whenever it is "excessive under traditional concepts of justice" or is "manifestly disproportionate to the crime or the criminal." *Woosley v. United States*, 478 F.2d 139, 147 (8th Cir.1973) (en banc) (citations omitted). "This Court cannot, however, substitute its judgment for the discretion committed solely to the district court." *United States v. Hollis*, 718 F.2d 277, 279 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984).

Although the thirty month sentence for the relatively minor offense charged in this case is comparatively a very long one, we do not believe the district court abused its discretion. Similarly, we do not believe that the sentence imposed in this case constitutes cruel and unusual punishment. *See, e.g., Hutto v. Davis*, 454 U.S. 370, 372, 102 S.Ct. 703, 704, 70 L.Ed.2d 556 (1982) (the Supreme Court has never found a sentence within the limits authorized by statute to be a cruel and unusual punishment); *United States v. Stead*, 740 F.2d 657, 659 (8th Cir.) (per curiam) (20 year sentence harsh for offense committed but not so harsh as to constitute cruel and unusual

punishment), *cert. denied*, 469 U.S. 1090, 105 S.Ct. 600, 83 L.Ed.2d 709 (1984). In addition to being a lengthy sentence with respect to the crime, this sentence is also lengthy given the nature of the criminal. Richard is a 22 year old mother of four young children. Further, the small quantity of marijuana that Richard had in her possession suggests that while she may be a user, she is probably not a distributor. We recognize that simple possession remains illegal; however, it carries with it a much smaller penalty than does distribution.

While we are not prepared to say that the district court abused its discretion in imposing this sentence, we believe that the district court should consider a sentence reduction pursuant to Rule 35, assuming a proper motion is made in the district court.

## III. CONCLUSION

We conclude that Richard was not entrapped as a matter of law and her thirty month sentence for the first offense of distributing one-quarter of an ounce of marijuana was not an abuse of discretion and does not constitute cruel and unusual punishment.

Accordingly, the judgment of the district court is affirmed.