**E-FILED**
**CNMI SUPREME COURT**
E-filed: Oct 06 2025 01:59PM
Clerk Review: Oct 05 2025 12:00AM
Filing ID: 77239224
Case No.: 2024-SCC-0010-CRM
Judy Aldan



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,**
*Plaintiff-Appellee,*

*v.*

**ANTHONY PETER RIOS,**
*Defendant-Appellant.*

**Supreme Court No. 2024-SCC-0010-CRM**

---

**SLIP OPINION**

**Cite as: 2025 MP 7**

Decided October 6, 2025

---

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
ASSOCIATE JUSTICE PERRY B. INOS

---

Superior Court Nos. 97-0294-CR, 03-0030-CR, 03-0031-CR
Presiding Judge Roberto C. Naraja

---

INOS, J.:

¶ 1     This appeal calls on us to clarify for the first time the standard by which a trial judge must consider a motion for reduction of sentence under Commonwealth Rule of Criminal Procedure 35(b) ("Rule 35(b)"). Appellant Anthony Peter Rios ("Rios") moved to reduce his reinstated sentence following the revocation of his probation. The court denied the motion on the basis that he failed to provide evidence that his sentence was illegal or a gross abuse of discretion. For the following reasons, we VACATE the lower court's order denying Rios' motion and REMAND for reconsideration of the motion under the proper standard.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2     Rios has previously appeared before this Court. We affirmed his sentence in *Commonwealth v. Rios*, 2015 MP 12, and later upheld the denial of his habeas petition in *Rios v. Commonwealth Dep't. of Corrs.*, 2022 MP 2. The facts of his underlying convictions, probation revocation, and resentencing are set forth in those decisions and are not at issue here.

¶ 3     Following our denial of the petition for rehearing of his sentence, Rios timely moved under Rule 35(b) to reduce that sentence, which the sentencing court initially denied, mistakenly believing it was untimely. *See Commonwealth v. Rios*, Crim. Nos. 03-0031, 03-0030, 97-0294 (NMI Super. Ct. August 8, 2023) (Order Denying Motion to Reduce Sentence). Rios appealed this denial, but we remanded the case to the sentencing court after the parties stipulated to its timeliness and the court indicated willingness to consider the motion on the merits. *See Commonwealth v. Rios*, 2023-SCC-011-CRM (Order Remanding Case).

¶ 4     At the motion hearing, Rios asked for leniency and a reduction in sentence in consideration of his age and life expectancy and other mitigating factors. The Commonwealth opposed the motion, highlighting Rios' criminal history and repeated probation violations for similar crimes. Importantly, the Commonwealth argued that the court could deny the motion if Rios failed to "show an illegality or a gross abuse of discretion." App. at 82.

¶ 5     Following the hearing, the court "summarily den[ied]" the motion because Rios "did not present any evidence that his sentence was an illegality or a gross abuse of discretion." App. at 87 (internal quotations omitted). Rios appeals this denial.

## II. JURISDICTION

¶ 6     We have jurisdiction over final orders of the Superior Court. NMI CONST. art. IV, § 3. An order denying a motion for a reduction of sentence under 35(b) is a final order. *See Commonwealth v. Ramangmou*, 1996 MP 17 ¶ 1; *Commonwealth v. Laniyo*, 2012 MP 1 ¶ 5.

### III. ISSUE AND STANDARD OF REVIEW

¶ 7      The single issue on appeal is whether under a Rule 35(b) motion to reduce a sentence, the defendant must show that the sentence was illegal or a gross abuse of discretion. We review denials of a motion to reduce a lawful sentence for abuse of discretion. *Ramangmou*, 1996 MP 17 ¶ 1. A court "necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Abraczinskas*, 2023 MP 12 ¶ 10.

### IV. DISCUSSION

¶ 8      Under Commonwealth Rule of Criminal Procedure 35, the court may correct or reduce a sentence:

> (a) **Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> (b) **Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
> COM. R. CRIM. P. 35

¶ 9      The Commonwealth Rules of Criminal Procedure are patterned after the federal rules. We generally consider federal cases interpreting corresponding federal rules to be persuasive, however, we remain the ultimate authority in interpreting our rules. *See Syed v. Mobil Oil Marianas Islands, Inc.*, 2012 MP 20 ¶ 11. Because Rule 35 mirrors the pre-1984 version of the corresponding federal rule, federal decisions interpreting Rule 35 post-1984 have no relevance in this matter. *See* FED. R. CRIM. P. 35 (notes of advisory committee).

¶ 10      In determining Rule 35(b) standard, the court relied exclusively on a footnote from our 1996 decision in *Commonwealth v. Ramangmou*, in which we referenced several Fifth Circuit decisions. 1996 MP 17 ¶ 5 n.4. The footnote reads:

> The Fifth Circuit has allowed the sentencing court summarily to deny a motion for reduction of sentence where the facts alleged do not show illegality or a gross abuse of discretion. *See United States v. Hanyard*, 762 F.2d 1226, 1228 (5th Cir. 1985); *United States v. Lewis*, 743 F.2d 1127, 1129 (5th Cir. 1984); *United States v. Nerven*

[sic], 613 F.2d 572, 573 (5th Cir. 1980); *United States v. Muniz*, 571
F.2d 1344, 1345 (5th Cir. 1978).

*Id*.

¶ 11    As evident here, footnote 4 was not part of the holding in *Ramangmou*,
and, at most, merely acknowledged the Fifth Circuit's unique district court
standard for Rule 35(b) motions. The Fifth circuit permits a district court to
review a 35(b) motion exclusively for evidence of illegality or gross abuse of
discretion. This standard first appeared in *United States v. Muniz*, a summary
decision citing generally to an earlier Fifth Circuit decision which states that the
*court of appeals* may only review a Rule 35(b) denial for "illegality or gross
abuse of discretion." *United States v. Yates*, 553 F.2d 502, 503–04 (5th Cir. 1977).
On its face, the *Yates* decision relays the standard for an appellate court reviewing
an appeal of a denied motion, not for the sentencing court considering the motion
itself.  *Muniz* offers no reasoning for applying an appellate standard to a trial
court's consideration of a Rule 35(b) motion, and so we find no persuasive basis
to adopt this standard.

¶ 12    In contrast, other circuits applying Rule 35(b) have recognized that the
rule exists to allow courts to reconsider sentences based on compassion, equity
or new information. For example, in *United States v. Maynard*, a prisoner argued
for a reduction in his sentence on the basis of his good behavior in prison. 485
F.2d 247, 248 (9th Cir. 1973). The district court refused to order a post-
incarceration report and denied the Rule 35 motion without holding a hearing.
*Id.* The 9th Circuit upheld the district court as the purpose of Rule 35 is about
considering whether the sentence was "unduly harsh," not about considering the
prisoner's behavior during incarceration. *Id.*; *see also Ramangmou*, 1996 MP ¶
7–8 (discussing how it is proper for a trial court to find "exemplary conduct while
in custody" insufficient for purposes of Rule 35(b)).

¶ 13    Similarly, the Sixth, Eighth, and D.C. Circuits agree that a Rule 35(b)
motion is "essentially a plea for leniency" and presupposes a valid conviction."
*United States v. Phillips*, No. 82-5422, 1983 U.S. App. Lexis 13376, at *2 (6th
Cir. Feb. 24, 1983); *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir. 1981);
*Poole v. United States*, 644 F.2d 396, 401 (D.C. Cir. 1957). In the Second Circuit,
Rule 35(b) "give[s] every convicted defendant a second round before the
sentencing judge," *United States v. Ellenbogen*, 390 F.2d 537, 543 (2d Cir. 1968),
and the First Circuit emphasized that 35(b) motions "offer the sentencing court
an opportunity to temper its original sentence when presented with
considerations appealing to its compassion." *United States v. Distasio*, 820 F.2d
20, 24 (1st Cir. 1987).

¶ 14    A secondary purpose of Rule 35(b) motions is to allow the court to
consider new information that was not available at sentencing. *See, e.g.*,
*Ellenbogen*, 390 F.2d at 543. The First Circuit, in *United States v. DeCologero*,
821 F.2d 39, 42 (1st Cir. 1987), addressed a prisoner's motion whose health had
deteriorated in custody and whose medical care in prison was acknowledged to
be inferior to that available outside. The district court ordered production for all

the relevant medical records and reviewed them in considering the motion. *Id.* However, the district court judge ultimately denied the motion without an evidentiary hearing. *Id.* at 44. In rejecting the prisoner's request for a hearing, the court likened the demand to a request for "popsicles in July, just because a passerby would like to have one." *Id.* Trial courts are granted the discretion under the rule to decide "run-of-mile motion[s] for reduction of sentence" on a paper record. *Id.* Neither the trial court's requiring of the federal authorities to provide all the relevant medical information nor the ultimate refusal to hold a hearing on that information was an abuse of the discretion granted to the trial court.

¶ 15 Rule 35(b) does not provide a specific standard governing sentence reduction, but courts have broad discretion to grant or deny a Rule 35(b) motion for nearly any reason, and need not necessarily give a reason for the decision. *See* U.S. SENT'G COMM'N, THE USE OF FEDERAL RULE OF CRIMINAL PROCEDURE 35(B) 3 (2016) (discussing how there was "no substantive restrictions" on the court's power to modify sentences before the 1984 change to the rules). The First Circuit described this discretion as "commodious," *United States v. Twomey*, 845 F.2d 1132, 1134 (1st Cir. 1988), and that "[i]n the usual case, the court—if unmoved by the plea to reconsider—need not even explain the reasons underlying its denial of the motion." *DeCologero*, 821 F.2d at 41.

¶ 16 This discretion is broad and an appellate court should not disturb it even if they would decide it differently themselves. In the 8th Circuit, a trial court judge imposed a life sentence without parole for a continued criminal enterprise offense, the maximum penalty allowed. *United States v. Lewis*, 759 F.2d 1316, 1335 (8th Cir. 1984). On direct review of the original sentence, the 8th circuit found that it was "obliged to uphold this sentence" but observed "it was very severe" and suggested the "district court may wish to reconsider the severity of this sentence under FED. R. CRIM. P. 35." *Id.* When the defendant later sought relief through a Rule 35(b) motion, the district court denied. *United States v. Milburn*, 836 F.2d 419, 420 (8th Cir. 1988). The 8th Circuit affirmed the denial and considered both the heinous nature of the crime of drug trafficking and "the boldness of appellant's activities" in concluding that there was not "any abuse at all" in the district court's denial of the motion. *Id.* at 421.

¶ 17 Our own case law reflects a similar understanding of Rule 35(b)'s purpose and scope consistent with most circuits other than the Fifth Circuit. In *Ramangmou*, we reviewed whether the trial court adequately addressed the defendant's entire arguments before ruling on the motion for sentence reduction and whether the sentence was disproportionate to those imposed in similar cases. 1996 MP 17 ¶ 5. We concluded that the court there carefully considered the factors raised before denying the motion. *Id.* ¶ 8. The Court also held the sentence was not disproportionate because Ramangmou was convicted by a jury and sentenced within the statutory range while the cases cited involved plea agreements or cooperation in investigations. *Id.* ¶ 11. Importantly, our affirmance

rested not on the absence of illegality or gross abuse of discretion, but on the trial court's reasoned application of its discretion.

¶ 18    Thus, the inquiry is not whether the original sentence was unlawful or an abuse of discretion, but whether, in the court's considered judgment, the sentence should now be reduced in light of the arguments and circumstances presented. Rule 35(b) embodies a discretionary act of leniency, not a legal correction. We therefore hold that Rule 35(b) does not require proof of illegality or abuse.

¶ 19    Here, the Commonwealth argues that no abuse of discretion occurred because the court may summarily deny a Rule 35(b) motion, and even if the standard applied was wrong, the court did consider the factors raised by Rios. We disagree. The court denied Rios' motion solely because he failed to show illegality or gross abuse of discretion. That reasoning misstates the applicable legal standard. The court, in its discretion, may summarily deny the motion without giving a reason, but when it articulates a reason, that reason must reflect an accurate understanding of the law. The court's reasoning indicates it believed its discretion was confined to correcting illegal or fundamentally flawed sentences. This was legal error, and thus an abuse of discretion. And the fact that the court discussed and considered all the factors that Rios raised cannot salvage the ruling when the legal standard guiding the court's analysis was incorrect.

¶ 20    We do not hold that a Rule 35(b) motion must be granted or explained, but we emphasize that when a court chooses to provide reasons for denial, those reasons must align with the motion's intended function—granting leniency when warranted in the sentencing court's view, not determining whether the original sentence was illegal. We leave it to the trial court's wide-ranging discretion under 35(b) to decide whether leniency is warranted in this instance.

## V. CONCLUSION

¶ 21    Rule 35(b) confers broad discretion upon trial courts to reconsider sentences for any justifiable reason. Because the court denied the motion under an incorrect legal standard—erroneously requiring a showing of illegality or gross abuse of discretion, this constitutes an abuse of discretion. Accordingly, we VACATE the order and REMAND for reconsideration under the correct legal standard. The trial court may determine whether a new hearing is necessary or whether it can rule on the existing record.

So Ordered this 6th day of October, 2025

/s/ _____
ALEXANDRO C. CASTRO
Chief Justice

 /s/ _____

JOHN A. MANGLOÑA
Associate Justice


 /s/ _____

PERRY B. INOS
Associate Justice


COUNSEL

Cong "Denny" Nie, for Appellant Rios.

J. Robert Glass, Jr. and Daniel B. Johnson, for Appellee Commonwealth.

NOTICE

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In the event of any discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236-9715, or e-mail Supreme.Court@NMIJudiciary.gov.*

**E-FILED**
**CNMI SUPREME COURT**
E-filed: Oct 06 2025 01:59PM
Clerk Review: Oct 05 2025 12:00AM
Filing ID: 77239224
Case No.: 2024-SCC-0010-CRM
Judy Aldan





IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,**
*Plaintiff-Appellee,*

*v.*

**ANTHONY PETER RIOS,**
*Defendant-Appellant.*

**Supreme Court No. 2024-SCC-0010-CRM**
Superior Court Nos. 97-0294-CR, 03-0030-CR, 03-0031-CR

## JUDGMENT

Appellant Anthony Peter Rios ("Rios") appealed the Superior Court's Order, denying his motion for reduction of sentence under Commonwealth Rule of Criminal Procedure 35(b). For the reasons set forth in the accompanying opinion, the Court VACATES the lower court's order and REMANDS for reconsideration under the proper standard.

ENTERED this 6th day of October, 2025.


/s/
—————————————
JUDY T. ALDAN
Clerk of Court