UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard STEWART,
Defendant-Appellant.

No. 86–1106.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 1987.

Decided June 30, 1987.

Carl M. Faller, Jr., Fresno, Cal., for plaintiff-appellee.

Clifford E. Tedmon, Sacramento, Cal., for defendant-appellant.

Before KOELSCH, WALLACE and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

In this appeal we consider whether a sentence of life imprisonment without possibility of parole was properly imposed under the Continuing Criminal Enterprise Statute, 21 U.S.C. § 848.

Richard Stewart was indicted on charges arising from the operation of an illegal methamphetamine network. Following a jury trial, he was convicted of engaging in a continuing criminal enterprise, of manufacturing, possessing, and distributing methamphetamine, and of possessing firearms illegally. For the continuing criminal enterprise conviction he received a life term without possibility of parole; for the other convictions, he received two-year terms to run concurrently with his life sentence.

In an earlier appeal, we reversed the firearms conviction because of error in the trial court's instructions to the jury, and vacated the continuing criminal enterprise sentence because the district court may have relied on misinformation provided by the prosecutor regarding parole eligibility. In ordering resentencing, we noted that we did not restrict the trial court's authority to impose the same sentence "if, upon consideration of the applicable statutes and authorities and all information properly before it, it deems the punishment permissi-

ble and warranted." *United States v. Stewart*, 779 F.2d 538, 541 (9th Cir.1985).

On remand the trial court reimposed the life sentence without possibility of parole. Stewart appeals, claiming the trial court failed to individualize his sentence. We reject his claim and uphold the sentence.

■ A sentence within statutory limits, such as Stewart's, *see* 21 U.S.C. § 848(a), (b), is generally not subject to appellate review, for trial courts are afforded virtually unfettered discretion in sentencing. *Dorszynski v. United States*, 418 U.S. 424, 437, 94 S.Ct. 3042, 3049, 41 L.Ed.2d 855 (1974); *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). Exceptions to this rule are limited, but include review to ensure the trial court has not exceeded the bounds of its discretion by failing to individualize sentences. *United States v. Barker*, 771 F.2d 1362, 1364 (9th Cir.1985). We may, therefore, conduct a limited inquiry into Stewart's sentence.

■ The sentence is harsh, and may upon first consideration seem open to question,· for Stewart is a forty-seven-year-old father of six with no prior record of criminal activity. The trial court, however, did not ignore these considerations. Instead, it weighed them against evidence that Stewart continued his operation while free on bail, expanding its scope significantly; directed the operation from his jail cell after revocation of bail; possessed a sizeable cache of firearms, for possible use on a government agent; and displayed no remorse for his crimes, *see United States v. Malquist*, 791 F.2d 1399, 1402–03 (9th Cir. 1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 445, 93 L.Ed.2d 394 (1987). Such factors having been considered, the sentence must stand.

AFFIRMED.