859 F.2d 151
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar R. SMITH, Defendant-Appellant.
 No. 88-5038.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1988.
Decided Sept. 9, 1988.
 
 Peter David Goldberger (Alan Ellis, Pamela A. Wilk, Law Offices of Alan Ellis, P.C. on brief) for appellant.
 William Graham Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney on brief) for appellee.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Oscar R. Smith pleaded guilty to conducting a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848 and to defrauding the government by evading income taxes in violation of 26 U.S.C. Sec. 7201. Defendant contends that the district court abused its discretion by refusing to allow him to withdraw his guilty pleas and by sentencing him to life imprisonment without parole. We find no abuse of discretion and therefore affirm.
 
 I.
 
 2
 On September 30, 1987, a federal grand jury returned a twenty-five count indictment against Oscar R. Smith and seven other defendants. Smith was charged with conspiring to distribute cocaine, 21 U.S.C. Sec. 846; conducting a continuing criminal enterprise ("CCE"), 21 U.S.C. Sec. 848; eight counts of distribution of cocaine, 21 U.S.C. Sec. 841(a)(1); two counts of possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1); and three counts of income tax evasion, 26 U.S.C. Sec. 7201. On December 7, 1987, pursuant to a plea agreement in which he agreed to cooperate fully with the government's ongoing investigation, Smith pleaded guilty to the CCE count and to one count of tax evasion. The district court accepted the pleas and a sentencing hearing was scheduled for January 19, 1988.
 
 
 3
 On January 12, 1988, Smith filed a motion to withdraw the two guilty pleas. At a subsequent hearing, the district court found that defendant failed to show any fair or just basis for the motion of withdrawal, and that the government would be prejudiced in the event withdrawal were permitted. On January 19, 1988, the district court imposed the maximum sentence of life imprisonment without parole and a $250,000 fine for the CCE conviction and the maximum sentence of five years imprisonment and a $250,000 fine for the tax evasion conviction. Smith appeals.
 
 II.
 
 4
 Fed.R.Crim.P. 32(d) provides that, if a motion to withdraw a guilty plea is made before sentence is imposed, the court may permit withdrawal of the plea if the movant can show a "fair and just" reason for doing so. If the movant carries this burden, the court then must consider whether the government would be prejudiced by withdrawal of the plea. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986). The district court's ruling will be sustained absent an abuse of discretion. See United States v. Strauss, 563 F.2d 127, 131 (4th Cir.1977); United States v. Ford, 363 F.2d 375, 377 (4th Cir.1966).
 
 
 5
 There was no abuse of discretion in this case. We note at the outset that the district court conducted a thorough Rule 11 hearing before it accepted Smith's plea. Defendant clearly understood the nature of the charges against him, the nature of the government's burden of proving those charges if the case had gone to trial, the terms of the plea agreement, and the possibility that he could be sentenced to a term of life imprisonment without parole. The record demonstrates that Smith was competent, enjoyed competent representation, and that his guilty pleas were entered voluntarily and intelligently. Contrary to Smith's contention that he was tired and fatigued when he entered his pleas, the district court found "that he was completely alert and showed absolutely no sign of fatigue and showed no inability to understand or to appreciate the nature of what was going on."
 
 
 6
 At the Rule 11 hearing, the government presented a detailed summary of the factual basis for the pleas. Smith took no exception--and in fact admitted--that he was an organizer, supervisor, and manager of the requisite number of participants in the subject enterprise. The factual basis for Smith's supervisory status was clear. The claim that he was not a "kingpin" was raised before the district court for the first time in the motion to withdraw his guilty pleas. The motion to withdraw, moreover, was filed a month after the plea hearing and only a week before his scheduled sentencing date.
 
 
 7
 Withdrawal of defendant's guilty pleas also would prejudice the government. The government was ready to proceed on the scheduled trial date and was prepared to present the testimony of some thirty-three witnesses. As the district court found, the government would indeed suffer prejudice if forced to reassemble these witnesses, some confined and others dispersed over several states, and prepare once again for trial of this complex case. See generally Strauss, 563 F.2d at 131; United States v. Barker, 514 F.2d 208, 222 (D.C.Cir.1975).
 
 III.
 
 8
 We also reject defendant's contention that the district court abused its discretion by imposing a sentence of life imprisonment without parole on the CCE count. The offense prohibited by the CCE statute is a serious one; it is clear that Congress sought to deal with such crimes by imposing severe prison sentences. The statute requires the imposition of a minimum sentence of ten years imprisonment and authorizes a maximum sentence of life imprisonment. 21 U.S.C. Sec. 848(a). Sentences imposed under the CCE statute cannot be suspended and probation cannot be granted. 21 U.S.C. Sec. 848(c).
 
 
 9
 Further, a sentence confined to statutory limits has been held within the discretion of the trial judge and not subject, save in the most extraordinary circumstances, to appellate review. Dorszynski v. United States, 418 U.S. 424, 431 (1974). Here, the district court had available to it a presentence report that detailed Smith's past criminal conduct. The district court expressed its concern with the consequences that accompany the sale and distribution of illegal drugs. The district court clearly considered the testimony of character witnesses who testified on defendant's behalf. The court was not required, however, to mitigate defendant's sentence in response to that testimony.
 
 
 10
 Finally, the Supreme Court has recognized that a defendant's failure to cooperate with the government is an appropriate consideration in sentencing. See Roberts v. United States, 445 U.S. 552 (1980). In his plea agreement, Smith pledged full cooperation with the government and disclosure of all relevant information regarding the criminal enterprise. He chose, however, to breach this agreement and, in so doing, the "deeply rooted social obligation" to report known criminal behavior. Id. at 558.
 
 
 11
 This obligation is not diminished when the witness to crime is involved in illicit activities himself. Unless his silence is protected by the privilege against self-incrimination, ... the criminal defendant no less than any other citizen is obliged to assist the authorities. ... Moreover, [the defendant's] refusal to cooperate protected his former partners in crime, thereby preserving his ability to resume criminal activities upon release. Few facts available to the sentencing judge are more relevant to " 'the likelihood that [a defendant] will transgress no more, the hope that he may respond to rehabilitative efforts to assist with a lawful future career, [and] the degree to which he does or does not deem himself at war with his society.' "
 
 
 12
 Id. (citations omitted). The district court properly considered Smith's breach of the plea agreement, as well as other factors, in imposing sentence.
 
 
 13
 We note that the sentence imposed by the district court is not disproportionate to those imposed in similar cases. A review of the relevant case law demonstrates that CCE sentences in this and other circuits are severe. See, e.g., United States v. Rhodes, 779 F.2d 1019 (4th Cir.1985) (court upheld a 50 year sentence without parole and a 75 year sentence without parole under the CCE statute); Williams v. United States, 731 F.2d 138 (2d Cir.1984) (court upheld a sentence of life without parole for organizing a CCE); United States v. Erwin, 793 F.2d 656 (5th Cir.1986) (life sentence without parole for engaging in a CCE); United States v. McCann, 835 F.2d 1184 (6th Cir.1987) (life imprisonment without parole for conducting a CCE not excessive); United States v. Milburn, 836 F.2d 419 (8th Cir.1988) (district court did not abuse discretion by imposing life sentence without parole for maintaining a CCE); United States v. Stewart, 820 F.2d 1107 (9th Cir.1987) (court upheld a life term without possibility of parole for engaging in a CCE).
 
 The judgment of the district court is
 
 14
 AFFIRMED.