**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wayne Wilburn MAYNARD, Defendant-Appellant.**

**No. 73-1928.**

United States Court of Appeals, Ninth Circuit.

Oct. 2, 1973.

Harry E. Claiborne (argued), Annette R. Quintana, Atty., Las Vegas, Nev., for defendant-appellant.

Lawrence J. Semenza, Asst. U. S. Atty. (argued), V. DeVoe Heaton, U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

OPINION

Before CARTER and GOODWIN, Circuit Judges, and EAST,* District Judge.

JAMES M. CARTER, Circuit Judge:

This is an appeal from the denial of a motion to modify a sentence under Rule 35, F.R.Crim.P. We affirm.

The defendant Maynard was convicted of concealing assets in a bankruptcy pro-

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

ceeding. After a pre-sentence report he was sentenced to three years imprisonment, pursuant to 18 U.S.C. § 4208(a)(2). Under that section he was eligible for parole at such time as the Board of Parole might determine. The judgment was affirmed on appeal, and Maynard was imprisoned on January 15, 1973.

On April 4, 1973, Maynard moved the sentencing court under Rule 35 for a reduction or revision of his lawful sentence. He further moved the court to order the prison warden to prepare and submit a report on Maynard's behavior since his imprisonment. Without ordering the report, and without holding a hearing, the district court denied the Rule 35 motion.

■ Maynard contends that the summary denial of the motion was in violation of his constitutional rights under the fifth and sixth amendments. He contends that the district court, by refusing to order the preparation and submission of a post-incarceration report, denied him due process. Since the Rule 35 motion was based entirely on an anticipated favorable report, he argues that a failure to consider the report is tantamount to a failure to consider the Rule 35 motion. This argument, however, misconceives the nature of Rule 35.

■ If a lawful sentence was lawfully imposed in the first instance, then the function of Rule 35 is simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh. The motion is directed to the court's discretion (Flores v. United States (9 Cir. 1956) 238 F.2d 758, 760) and is essentially a "plea for leniency." Poole v. United States (1957) 102 U.S.App.D.C. 71, 250 F.2d 396, 401. Ordinarily, no hearing is required. United States v. Krueger (9 Cir. 1972) 454 F.2d 1154.

The court had thorough knowledge of Maynard's relevant history when imposing the original sentence and apparently now believed that a report, regardless of how glowing a picture it might paint of Maynard's behavior in prison, could not alter the discretionary decision that a sentence of three years was apt. If every prisoner who alleged good behavior were entitled to have a warden prepare and submit a report to the court, the burden on the warden would be overwhelming and the court would be taking on the function of a parole board. Surely 18 U.S.C. § 4208(a)(2), under which Maynard was sentenced, reflects the sound policy that good behavior by a prisoner is chiefly for the Board of Parole to consider, not the judge.

■ We need not decide whether the sixth amendment applies to a post-prosecution proceeding under Rule 35, for even if it does, its guarantee is not absolute. A motion to have a witness or document produced at government expense is addressed to the sound judicial discretion of the court, the court having a duty to prevent useless process. Murdock v. United States (10 Cir. 1960) 283 F.2d 585, 587, cert. denied, 366 U.S. 953, 81 S.Ct. 1910, 6 L.Ed.2d 1246 (1961).

We affirm.