# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | Case ID No.: 1808005236 |
| | ) | |
| | ) | |
| TRAYVON ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW TO WIT**, this 22nd day of April, 2019, upon consideration of Defendant Trayvon Allen's ("Defendant")'s Motion for Modification of Sentence, the State's Response thereto, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      On August 9, 2018, Defendant was arrested and charged with two Counts of Possession of Firearm/Ammunition by Person Prohibited, two Counts of Drug Dealing, two counts of Tier 1 Possession, and two Counts of Possession of Drug Paraphernalia. Defendant had two prior qualifying Title 16 convictions and faced 2 years of mandatory imprisonment on the drug dealing charges alone.  He also faced a minimum mandatory of 14 years of Level V imprisonment overall.

2.      On February 7, 2019, Defendant entered a guilty plea to two counts of Drug Dealing.  The State and Defendant jointly agreed to recommend the minimum

mandatory with Level V time to run consecutively. The Court followed the recommendation and imposed the minimum mandatory sentence of 4 years unsuspended Level V incarceration followed by probation.

3.      Defendant wrote a letter to the Court filed on February 26, 2019.[1] In it, in addition to other requests, he appears to seek a modification of his February 7, 2019 sentence. The Court will treat his request as a request to reduce his sentence under Delaware Superior Court Criminal Rule 35(b).[2] Because Defendant's Motion was filed within the 90-day window for Rule 35(b) motions, Defendant's Motion is timely and this Court will consider the merits of his Motion.

4.      Rule 35(b) states that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[3] "Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect."[4] Thus, relief under Rule 35(b) is within the sound discretion of the sentencing court.[5] Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[6]

5.      Defendant requests that this Court modify the Level V time to run

---

[1] *See State v. Allen*, Crim. I.D. No. 1808005236, D.I. #17 (Feb. 26, 2019) [hereinafter Motion].
[2] *See* Super. Ct. Crim. R. 35(b).
[3] *Id.*
[4] *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002).
[5] *See id.* at 1201.
[6] *Id.* at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).

concurrently, not consecutively.[7] The bases for relief are as follows: (1) That the Court was "puzzled" why Defendant's Level V sentence was not concurrent due to Defendant's last charge being over 12 years ago and successful employment within that time; (2) that he understands the mistakes he made and the consequences of his actions; and (3) that "Counsel was ineffective" and should have noticed he is a "hard working member of society that had a speed bump along the way."[8]

6. Defendant's Motion is unpersuasive and without merit. Although the Court may have had questions prior to sentencing, it did not question the final sentence imposed. It was an appropriate sentence for all the reasons noted in the record. The sentence was imposed pursuant to a Plea Agreement between the State and Defendant, with an agreed upon recommendation.

7. After an appropriate colloquy, the Court addressed Defendant in open court under Superior Court Criminal Rule 11(c)(1) and determined that he understood the nature of the charge(s) to which the plea was offered, the mandatory minimum penalty provided by law and the maximum statutory penalties. Accordingly, Defendant acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case. Although he contends he was unable to respond differently to some of the questions during the

---

[7] *See generally* Motion.
[8] *Id.* at 1-2.

3

plea colloquy, the Delaware Supreme Court has held that a defendant's "voluntary guilty plea constitutes a waiver of any alleged errors occurring before the entry of the plea. Absent clear and convincing evidence to the contrary, [a defendant] is bound by the answers on the Truth-in-Sentencing form and his . . . statements to the judge during the guilty plea colloquy."[9]

8.     Finally, Defendant's claim for ineffective assistance of counsel is not considered here as it is outside the scope of Rule 35.

For the foregoing reasons, Defendant's Motion for Modification of his February 7, 2019 Sentence is **DENIED**.

**IT IS SO ORDERED**.

_____
Judge Vivian L. Medinilla

oc:     Prothonotary
cc:     Defendant
        Department of Justice
        Office of Defense Services
        Investigative Services Office

---

[9] *Purnell v. State*, 100 A.3d 1021, 2014 WL 4536558, at *3 (Del. Sept. 12, 2014) (TABLE) (citation omitted); *see also Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) ("With or without the witness oath, a defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful.").

4