# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                              )
                              )
                              )
        v.                     )     I.D. No.: 1810016746
                              )
                              )
JAVON J. GLENN,          )
                              )
        Defendant.      )

## ORDER

**AND NOW TO WIT**, this 5th Day of November 2019, upon consideration of Defendant Javon Glenn's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.　　On May 20, 2019, Defendant pleaded guilty to Drug Dealing Tier 2 with an Aggravating Factor, and Possession of a Firearm by a Person Prohibited.[1] Defendant was sentenced to twenty-five years at Level V, suspended after two years at Level V, followed by one year at Level III.[2] Defendant was further sentenced to

---

[1] Final Case Review: Defendant Pled Guilty/Sentenced, *State of Delaware v. Glenn*, Crim. ID No. 1810016746, D.I. 7 (Del. Super. May 20, 2019).
[2] Sentence: ASOP Order Signed and Filed on 05/21/2019, *State of Delaware v. Glenn*, Crim. ID No. 1810016746, D.I. 8 (Del. Super. May 20, 2019).

three years at Level V, suspended after one year at Level III, to be served consecutively.[3] In sum, he received two years of incarceration followed by one year at Level III. At the time of sentencing, Defendant faced a minimum/mandatory sentence of two years as to the charge of Drug Dealing, and a maximum of twenty-eight years as to both charges.[4]

2. On August 16, 2019, Defendant asked this Court to modify his Level V sentence under Rule 35(b).[5] Defendant requests that this Court reduce the remainder of his two-year Level V sentence to home confinement beginning in the final 180 days of his minimum/mandatory sentence. In support of his Motion, Defendant states the following grounds: (1) "Rehabilitation," (2) "Family Hardship," (3) "Remorse," and (4) his plans for "Education."[6]

3. The sentence in Defendant's case was imposed pursuant to a Plea Agreement between the State and Defendant.[7] After an appropriate colloquy, the Court addressed Defendant in open court pursuant to Superior Court Criminal Rule 11(c)(1) and determined that he understood the nature of the charge to which the

---

[3] Sentence: ASOP Order Signed and Filed on 05/21/2019, *State of Delaware v. Glenn*, Crim. ID No. 1810016746, D.I. 8 (Del. Super. May 20, 2019).
[4] Final Case Review: Defendant Pled Guilty/Sentenced, *State of Delaware v. Glenn*, Crim. ID No. 1810016746, D.I. 7 (Del. Super. May 20, 2019).
[5] SUPER. CT. CRIM. R. 35(b).
[6] Motion for Modification of Sentence Filed Pro-Se, *State of Delaware v. Glenn*, Crim. ID No. 1810016746, D.I. 9 (Del. Super. August 16, 2019).
[7] Final Case Review: Defendant Pled Guilty/Sentenced, *State of Delaware v. Glenn*, Crim. ID No. 1810016746, D.I. 7 (Del. Super. May 20, 2019).

plea was offered, the mandatory minimum penalty provided by law and the maximum statutory penalties. Defendant fully acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

4.    Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[8] "Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect."[9] Thus, relief under Rule 35(b) is within the sound discretion of the Sentencing Court.[10] Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[11] While Defendant's motion is not procedurally barred, it is nonetheless denied.

5.    Although the Court is mindful that Defendant's confinement may cause his family to suffer from his absence, Defendant's family situation does not form a basis for relief. The Court also acknowledges and commends Defendant for steps taken towards rehabilitation, remorse, and planning to further his education upon release. However, these reasons do not warrant reduction or modification of Defendant's sentence.

---

[8] SUPER. CT. CRIM. R. 35(b).
[9] *State v. Lewis*, 797 A.2d 1198, 1201 (De. 2002).
[10] *Id.*
[11] *Id.* at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).

3

6. No additional information has been provided to the Court that would warrant a reduction or modification of this sentence. As such, the sentence is appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.

_____
Vivian L. Medinilla
Judge

oc:  Prothonotary
cc:  Department of Justice
     Investigative Services
     Defendant

4