# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
        )
        )
        )
    v.        )    I.D. No. 1802004471
        )
        )
BYRON P. WHITE,        )
        )
    Defendant.        )

## ORDER

**AND NOW TO WIT**, this 13th day of November, 2019, upon consideration of Defendant Byron P. White's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.     On July 26, 2018, Defendant pleaded guilty to two counts of Rape Third Degree.[1] On September 24, 2018, Defendant was issued two consecutive sentences of twenty-five years at Level V, suspended after two years minimum mandatory at Level V for three years at Level III, probation to be served concurrently.[2] In sum, he received four years of incarceration followed by three years at Level III probation.

---

[1] Final Case Review: Pled Guilty. PSI Ordered. Sentencing 09/13/2018, *State of Delaware v. Byron P. White*, Crim. ID No. 1802004471, D.I. 16 (Del. Super. July 26, 2018).
[2] Sentence Order Filed, *State of Delaware v. Byron P. White*, Crim. ID No. 1802004471, D.I. 19 (Del. Super. Sept. 24, 2018).

Those four years of imprisonment are the sum of two separate two-year minimum mandatory terms of incarceration.

2. On December 20, 2018,[3] Defendant asked this Court to modify his sentence under Rule 35(b).[4] Defendant requests for the Court to modify/reduce his sentence by "concurrent and any other relief the court may grant [sic]."[5] In support of his motion, Defendant states eighteens grounds for relief.[6]

3. The sentence in Defendant's case was imposed pursuant to a Plea Agreement between the State and Defendant.[7] After an appropriate colloquy, the Court addressed Defendant in open court pursuant to Superior Court Criminal Rule

---

[3] Defendant's motion was initially filed on December 20, 2018 with the Kent County Prothonotary; thereafter, due to a change of venue, it was sent to this Court and received on August 15, 2019. The Court will apply Defendant's original filing date in considering Defendant's Motion.

[4] *See* Motion for Modification of Sentence Filed (Pro Se), *State of Delaware v. Byron P. White,* Crim. ID No. 1802004471, D.I. 20 (Dec. 20, 2018); *see also* Motion for Modification of Sentence Filed (Pro Se), *State of Delaware v. Byron P. White,* Crim. ID No. 1802004471, D.I. 21 (Aug. 15, 2019) [hereinafter "Def.'s Mot."].

[5] Def.'s Mot. at pages 2-11.

[6] Def.'s Mot. at pages 2-11 ((1) "No criminal record and solid reputation until this incident;" (2) "Outstanding military record;" (3) "Mental health;" (4) "Stress on family, friends, and loved ones;" (5) "Financial hardship;" (6) "Double jeopardy;" (7) Lack of prior knowledge regarding ability to file a "motion to modify sentence;" (8) "[Identity] theft;" (9) "Fraud;" (10) "Religious rights," whereby Defendant's access to religious material and a chaplain has been limited; (11) "Excessive bail;" (12) "Communication;" (13) "Pressured to take a plea;" (14) "Treatment by police," whereby Defendant argues he was not provided "JAG" upon his request, and whereby he was "bullied and intimidated;" (15) "Miranda rights," whereby Defendant argues he was not mirandized by "MP;" (16) "Treatment by Prison JTVCC;" (17) "[L]awyer," whereby Defendant argues that he "had no knowledge of criminal investigation" and where his "lawyer did not file any motions in [his] defense;" and (18) "Motions and rules for filing," whereby Defendant was "never explained" the rules for filing).

[7] Final Case Review: Pled Guilty. PSI Ordered. Sentencing 09/13/2018, *State of Delaware v. Byron P. White,* Crim. ID No. 1802004471, D.I. 16 (Del. Super. July 26, 2018).

11(c)(1) and determined that he understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law and the maximum statutory penalties. Defendant fully acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

4. Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[8] "Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect."[9] Thus, relief under Rule 35(b) is within the sound discretion of the Sentencing Court.[10] Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[11] However, Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.[12] Therefore, while Defendant's motion is not time barred, it is nonetheless denied, where Defendant is subject to a minimum mandatory sentence.

5. Furthermore, although Defendant does not specifically cite to any rule in his motion, Defendant seemingly asks this Court to modify his sentence to allow

---

[8] SUPER. CT. CRIM. R. 35(b) (emphasis added).
[9] *State v. Lewis*, 797 A.2d 1198, 1201 (De. 2002).
[10] *Id.*
[11] *Id.* at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).
[12] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).

for his two consecutive terms of minimum mandatory incarceration, to run concurrently. In considering this request, the Court looks to 11 *Del. C.* § 3901 that "provides for the fixing of terms of imprisonment."[13] This Court has held that § 3901(d) cannot be applied retroactively to modify a consecutive sentence to run concurrently.[14] Therefore, where the Court cannot apply § 3901(d) retroactively, Defendant's sentences cannot be modified to run concurrently, where § 3901(d) 2019 amendments were made in June 2019 and where Defendant was sentenced in September 2018. As such, the sentence was and remains appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
Department of Justice
Investigative Services

---

[13] *State v. Thomas*, No. CR IN17-08-0408, 2019 WL 5704287, at *4 (Del. Super. Ct. Oct. 31, 2019) (holding that the June 25, 2019 amendments to § 3901(d), "expand[ing] Delaware sentencing judges' discretion to order concurrent terms of incarceration," did not retroactively apply to defendant's sentence imposed before effective date of amendment).
[14] *Id.*

4