# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                           )
     v.                   )
                           )  I.D. No. 1808004521
                           )
PAUL C. SULLIVAN,      )
                           )
     Defendant.      )

## ORDER

**AND NOW TO WIT**, this 9th day of December 2019, upon consideration of Defendant Paul Sullivan's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon Defendant, and the record in this case, it appears to the Court:

1.     On March 21, 2019, Defendant pleaded guilty to Assault First Degree (Class B Violent Felony).[1] After an appropriate colloquy, this Court addressed Defendant in open court pursuant to Superior Court Criminal Rule 11(c)(1) and determined that he understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law and the maximum statutory penalties.[2] Defendant fully acknowledged in open court the range of possible penalties for his crimes. The plea agreement, signed by both the State and

---

[1] Final Case Review: Pled Guilty. Limited PSI Ordered, *State of Delaware v. Paul C. Sullivan*, Crim. ID No. 1808004521, D.I. 11 (Mar. 21, 2019) [hereinafter "Final Case Review"].
[2] *See* Final Case Review.

1

Defendant, indicated that Defendant understood "that he [was] subject to a 2 year minimum mandatory sentence on the Assault First Degree Charge [and that] [t]he State agree[d] to cap its Level 5 recommendation *at three years*."[3] Defendant had previously participated in the Mental Health Court. Thus, this Court ordered a limited PSI and represented to Defendant that sentencing before the Court would take place on another date.

2. Instead, on June 28, 2019, another judicial officer sentenced Defendant to twenty-five years at Level V, suspended *after four years* at Level V, for ten years at Level IV, suspended after six months at Level IV, for eighteen months at Level III.[4] In sum, he received four years of incarceration followed by transitioning levels of probation.

3. On September 20, 2019, Defendant asked this Court to reduce his Level V sentence under Rule 35(b).[5] He seeks to have his Level V sentence reduced the minimum mandatory two years.[6] In support of his Motion, Defendant states several grounds for relief.[7]

---

[3] *See id.*

[4] Sentence: ASOP Order Signed By Judge Clarke-Streett, *State of Delaware v. Paul C. Sullivan*, Crim. ID No. 1808004521, D.I. 21 (June 28, 2019). The judicial officers conferred and agreed that the matter should have remained assigned to this Court.

[5] Defendant's Motion for Modification of Sentence, *State of Delaware v. Paul C. Sullivan*, Crim. ID No. 1808004521, D.I. 23 (Sep. 20, 2019) [hereinafter "Def.'s Mot."]; Defendant's Motion for Modification of Sentence, *State of Delaware v. Paul C. Sullivan*, Crim. ID No. 1808004521, D.I. 24 (Sep. 25, 2019) [hereinafter "Def.'s Mot."].

[6] *See* Def.'s Mot. at pages 2-3.

7 *See id.* at page 2 (Defendant states the following grounds for relief: (1) "PTSD" – "Defendant

2

4.     Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[8]  "Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect."[9]  Thus, relief under Rule 35(b) is within the sound discretion of the sentencing court.[10]  Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[11]  Therefore, where Defendant's motion is not time barred and is non-repetitive, it is considered a plea for leniency.

5.     Had Defendant appeared before this Court as planned, the Court would have imposed the same sentence, except it would have followed the recommended cap of three years of Level V. Therefore, Defendant's sentence is reduced to twenty-five years at Level V, suspended after three years, for ten years at Level IV, suspended after six months at Level IV, for eighteen months at Level III.  All previous terms and conditions remain unchanged.[12]

---

has severe PTSD;" (2) "change" – "Defendant has displayed uncommon courage, conviction, and effort to change;" (3) "volunteer work" – Defendant does "volunteer work in the community;" and (4) "therapy and education" – "Defendant has dedicated over 1,000 hours to therapy and education to change.").

[8] SUPER. CT. CRIM. R. 35(b).

[9] State v. Lewis, 797 A.2d 1198, 1201 (Del. 2002).

[10] Id.

[11] Id. at 1202 (quoting United States v. Maynard, 485 F.2d 247, 248 (9th Cir. 1973)).

[12] Defendant is required to: (1) have no contact with Steven Sullivan; (2) undergo mental health evaluation and follow recommendation for counseling and treatment; (3) successfully complete anger management, counseling, treatment program; (4) be evaluated for substance abuse and follow any recommendations for counseling, testing or treatment deemed appropriate; (5) undergo TASC evaluation; (6) complete a Domestic Violence course, and take all medications as prescribed. Defendant is also required to pay restitution.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is

**GRANTED, in part.**

_____
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
Department of Justice
Investigative Services