**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE          )
                           )
    v.                      )
                           )  I.D. No. 2107010705
                           )
ANTHONY PANARO,            )
                           )
    Defendant.              )

## ORDER

Submitted: July 15, 2022
Decided: September 20, 2022

**AND NOW TO WIT,** this 20th day of September, 2022, upon consideration of Anthony Panaro ("Defendant")'s Motion for Modification of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.    On August 2, 2021, a Grand Jury indicted Defendant for 24 counts of Violation of Probation and 22 counts of Rape Second Degree arising from allegations that Defendant drugged two former girlfriends on multiple occasions and then recorded sexual encounters with them while they were unconscious and unable to consent.[1] These alleged nonconsensual sexual encounters occurred

---

[1] *See* D.I. 1.

from August 5, 2012, until March 22, 2016.[2]  Due to evidentiary issues, the State and Defendant entered into a plea agreement.

2. On March 24, 2022, Defendant pled guilty to two counts of Violation of Privacy.[3]  On June 24, 2022, Defendant was sentenced as follows: (1) for the charge ending in 0096 — to one year at Level V without benefit of any form of early release under 11 *Del. C.* 4204(K); and (2) for the charge ending in 0051 — to one year at Level V, suspended for one year at Level III.[4]

3. On July 15, 2022, Defendant, through his attorney, filed this pending Motion for Sentence Modification (the "Motion")[5] asking the Court to modify his Level III probation to Level II.[6]  In support, he asserts that: (1) the imposed probation exceeds the SENTAC guidelines; (2) the plea agreement calls for Level II probation; (3) there is no reason to believe he would violate the no contact order; and (4) he has previously proven to be compliant with probation.[7] Defendant also contends he "has [a] strong incentive to comply with all

---

[2] *See id.*
[3] *See* D.I. 28.
[4] *See* D.I. 29.  Defendant also received fines, costs, and assessments.
[5] *See* D.I. 30.
[6] *See id.*
[7] *Id.* ¶¶ 2-5.

2

conditions of probation."[8]

4.      Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[9]  "Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect."[10]  Thus, relief under Rule 35(b) is within the sound discretion of the Sentencing Court.[11]  Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[12]

5.      Defendant's pending Motion is his first Motion for Sentence Modification and was filed within 90 days of sentencing.  Thus, Defendant is not time-barred.  Yet, Defendant fails to state sufficient grounds to modify the terms of his probation.

6.      After an appropriate colloquy with Defendant in open court, the Court determined that he understood the nature of the charges to which he was pleading guilty, and the consequences of his plea.[13]  That the plea agreement "call[s] for L2 probation"[14] is not a basis for relief where Defendant understood that the Court was not bound to the sentencing recommendation.  The Court took into consideration

---

[8] *Id.* ¶ 6.
[9] Del. Super. Ct. Crim. R. 35(b).
[10] *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002).
[11] *Id.*
[12] *Id*. at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).
[13] *See* Del. Super. Ct. Crim. R.11(c)(1).
[14] D.I. 30, ¶ 3.

the SENTAC guidelines and set forth reasons why it was exceeding them, including but not limited to a determination that any lesser sentence would unduly depreciate the nature and circumstances of these crimes and the impacts on not one, but two, victims.

7.    As such, Defendant's sentence is appropriate for all the reasons set forth at sentencing.  The Court will however consider an application for flow down from DOC, if the agency deems it appropriate to make one.

**IT IS SO ORDERED**, that Defendant's Motion for Sentence Modification is **DENIED.**


/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
       Michael W. Modica, Esquire
       Dominic A. Carrera, Jr., Esquire, Deputy Attorney General
       Investigative Services