# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                                 )
                                 )
                                 )  I.D. Nos. 2103000123

    v.                                )             2010012972
                                   )             2109006816
                                   )             2111011522

DAVON WALKER,           )
                                 )
         Defendant.      )

## <u>ORDER</u>

Submitted: November 9, 2022
Decided: February 27, 2023

**AND NOW TO WIT,** this 27th day of February, 2023, upon consideration of Davon Walker ("Defendant")'s Motion for Modification/Reduction of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. Defendant actively participated in criminal street gang activity with the knowledge that its members engaged in or had engaged in a pattern of criminal activity which included various acts of murder, firearm offenses, assault, first degree and robberies.[1]

---

[1] *See* Crim Id. N210300123, D.I. 37.

2.    For his participation in the gang activity, Defendant was indicted on three counts of Murder First Degree with respect to his role in the killing of three men: nineteen-year-old Naithan Gryzbowski, shot in September of 2020, thirty-year old Tommier Dendy, shot one month later in October of 2020, and twenty-nine-year-old, Eddie Green, also shot five days later.[2]

3.    Through heavily negotiated plea discussions, Defendant accepted and pled guilty to three counts of Murder Second Degree, one count of Conspiracy First Degree, and one count of Gang Participation.[3]  The State and Defendant, through counsel, agreed to a recommended unsuspended sentence of fifty-three years. Accordingly, on August 26, 2022, this Court imposed the recommended sentences.[4]

4.    On November 9, 2022, Defendant filed this pending Motion for Sentence Modification/Reduction, asking the Court to "suspend non-minimum mandatory Level V sentence for completion of educational and rehabilitative programs."[5]  In support, he asserts that he is remorseful; he has put efforts into education; his former employer before incarceration wants him to return; and he was

---

[2] *Id.*

[3] Crim Id. N210300123, D.I. 1.

[4] Defendant was sentenced as follows: (1) for each count of Murder Second Degree—to forty years at Level V, suspended after fifteen years (minimum mandatory), (2) for Conspiracy First Degree—to five years at Level V, and (3) Gang Participation—to three years at Level V.  Crim Id. N210300123, D.I. 40.

[5] *Id.*

sentenced to Level V without any conditions—such as enrollment in certain rehabilitative programs—that could help him to become a better person.[6]

5. Defendant's pending Motion is his first Motion for Sentence Modification and was filed within 90 days of sentencing. Therefore, Defendant is not time-barred. Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[7] The rule "allows for a reduction of sentence without regard to the existence of a legal defect."[8] Thus, relief under Rule 35(b) is within the sound discretion of the Sentencing Court.[9] Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[10]

6. Defendant was facing life in prison on three charges of Murder First Degree. He was extended a plea offer and accepted the same with an *agreed upon* recommendation of fifty-three years of incarceration, with the understanding that each count of Murder Second Degree carried a minimum mandatory sentence of fifteen years each. After an appropriate colloquy with Defendant in open court, the Court determined that he understood the nature of the charges to which he was

---

[6] *Id.*
[7] Del. Super. Ct. Crim. R. 35(b).
[8] *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002).
[9] *Id.*
[10] *Id.* at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).

3

pleading guilty, and the consequences of his plea.[11]  Remorse, educational or employment opportunities, etc., do not persuade the Court to reduce the Level V sentences.  The sentence remains appropriate for all the reasons previously stated on the record at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Sentence Modification/Reduction is **DENIED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

oc: Prothonotary
cc: Defendant
Investigative Services

---

[11] *See* Del. Super. Ct. Crim. R.11(c)(1).