# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE         )
                                      )
     v.                        )
                                      )  I.D. No. 2109011186
                                      )
LUIS LEVANTE,            )
                                      )
        Defendant.     )

## ORDER

Submitted: April 18, 2023
Decided: May 17, 2023

**AND NOW TO WIT,** this 17th day of May 2023, upon consideration of Luis Levante ("Defendant")'s Motion for Modification/Reduction of Sentence under Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On June 21, 2022, Defendant pled guilty to Possession of a Firearm During the Commission of Felony (PFDCF) and Reckless Endangering First Degree.[1] On January 20, 2023, Defendant was sentenced for PFDCF to 25 years at Level V, suspended after 3 years, for transitioning levels of probation.[2] For Reckless Endangering First Degree, he received 5

---

[1] D.I. 12.

[2] Although the parties originally believed a prior conviction from Puerto Rico would expose Defendant to a five-year minimum sentence as reflected in the Truth-In-Sentencing paperwork, at the time the plea agreement was entered, it was agreed that a three-year minimum sentence applied

years at Level V, suspended for 2 years at Level III.[3]

2.    On April 14, 2023, Defendant filed a Motion for Modification/Reduction of Sentence, asking the Court to suspend his Level V sentence upon completion of his "intense behavioral modification program," due to improved conduct he attributes to full compliance with that programming.[4]

3.    Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[5]  "Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect."[6]  Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[7]

4.    Although Defendant's Motion was filed within 90 days of sentencing—and not time-barred—Defendant is still serving the minimum mandatory period of his sentence.  So, although the Court generally has wide discretion to reduce a sentence upon this timely Rule 35(b) application, the Court has no authority to reduce or suspend the mandatory portion of any substantive

---

instead.

[3] D.I. 14.

[4] D.I. 15 (stating that Defendant has mental health and substance abuse issues).

[5] Del. Super. Ct. Crim. R. 35(b).

[6] *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002).

[7] *Id*. at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).

minimum sentence.[8]

5.    Furthermore, the Court afforded leniency when it imposed the minimum mandatory sentence.  Thus, Defendant's sentence is appropriate for all the reasons set forth at sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Sentence Modification/Reduction is **DENIED.**

/s/Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
       Department of Justice
       Investigative Services

---

[8] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).