# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                          )
      v.                   )
                          )  I.D. No. 2009010616
ZAKIER SMITH,          )
                          )
        Defendant.     )

## ORDER

Submitted: May 3, 2023
Decided: July 6, 2023

**AND NOW TO WIT,** this 6th day of July 2023, upon consideration of Zakier Smith ("Defendant")'s Motion for Modification/Reduction of Sentence under Rule 35, the sentence imposed upon the defendant, and the record in this case, it appears to the court that:

1. On January 18, 2023, Defendant pled guilty to Gang Participation, Assault Second Degree, and Possession of a Firearm During the Commission of a Felony ("PFDCF").[1]  On March 24, 2023, he was sentenced to: (1) for Gang Participation, 3 years at Level V, suspended for 1 year at Level III; (2) for Assault Second Degree, 8 years at Level V, suspended after 2 years at Level III; and (3) for PFDCF, 25 years at Level V, suspended after 3 years for transitioning

---

[1] D.I. 59. Defendant also pled guilty to Violation of Probation for Gang Participation. *Id.*

levels of probation.[2]

2. On May 1, 2023, Defendant filed a Motion for Modification/Reduction of Sentence, asking the Court to run his last 6 months of Level V time concurrently with his Level IV time because he will already be serving a Level IV sentence,[3] while enrolled in the Key Program.

3. Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[4] "Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect."[5] Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[6]

4. Although Defendant's Motion was filed within 90 days of sentencing—and not time-barred—Defendant is still serving the minimum mandatory period of his sentence. So, although the Court generally has wide discretion to reduce a sentence upon this timely Rule 35(b) application, the Court has no authority to reduce or suspend the mandatory portion of any substantive minimum sentence.[7] Further, DOC confirmed via email that it has

---

[2] D.I. 62.
[3] D.I. 64.
[4] Del. Super. Ct. Crim. R. 35(b).
[5] *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002).
[6] *Id.* at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).
[7] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure

2

not been decided whether Defendant's last six months of Level V time will be substituted with a Level IV program.[8]

5.      The Court afforded leniency when it imposed the minimum mandatory sentence.  Thus, Defendant's sentence is appropriate for all the reasons set forth at sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Sentence Modification/Reduction is **DENIED.**

/s/Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
        Department of Justice
        Investigative Services

---

35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[8] *See* D.I. 65.