# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE         )
                                     )
      v.                        )
                                     )  I.D. No. 2112009828
IRA GREEN,              )
                                     )
          Defendant.    )

## ORDER

Submitted: May 30, 2023
Decided: July 10, 2023

**AND NOW TO WIT,** this 10th day of July 2023, upon consideration of Ira Green ("Defendant")'s Motion for Modification/Reduction of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. Defendant is a forty-eight-year-old man with a thirty-year-old criminal record, mainly involving thefts and burglaries for which he previously served a four-year minimum mandatory sentence for his involvement in a series of burglaries in 2012.[1]

2. In 2022, Defendant was charged with seven counts including one count of Burglary Second Degree, three counts of Theft of a Firearm, and Possession of a Firearm by a Person Prohibited, Theft (of jewelry, bags, and purses), and criminal

---

[1] *See* D.I. 25.

mischief.[2]

3.    Defendant and the State entered into a plea agreement where the State agreed not to have Defendant declared a habitual offender, and Defendant and the State agreed to a joint recommendation of two years of incarceration.  On March 20, 2023, Defendant pled guilty to Burglary Second Degree,[3] the Court followed the joint recommendation, and sentenced Defendant to 8 years at Level V, suspended after 2 years for 1 year at Level III probation.[4]

4.    On April 12, 2023, Defendant filed a letter thanking the Court for the sentence imposed upon him.[5]  The Court responded to Defendant wishing him success in his treatment programs.[6]

5.    On May 15, 2023, Defendant filed this Motion for a Modification of Sentence under Rule 35 asking the Court to reduce his Level V sentence to outpatient mental health treatment.[7]  Two days later, Defendant filed a supplemental letter explaining that he needs mental health treatment.[8]

6.    Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[9] Thus, relief under Rule 35(b) is within the sound discretion of the Sentencing

---

[2] D.I. 2.
[3] D.I. 25.
[4] D.I. 26.  Defendant was also sentenced to restitution, paying $2,000.00 to the victim.  *Id.*
[5] D.I. 27.
[6] D.I. 28.
[7] D.I. 29.
[8] D.I. 30.
[9] Del. Super. Ct. Crim. R. 35(b).

Court.[10]  So, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[11]

7.      This Motion is timely filed.  Yet, Defendant fails to state sufficient grounds to reduce his Level V sentence.  After an appropriate colloquy with Defendant, the Court determined that he understood the nature of the charges to which he was pleading guilty, and the consequences of his plea,[12] including the Court's imposition of the sentence as recommended by both the State and Defendant.

8.      Defendant's sentence is appropriate for all the reasons set forth at sentencing.  If DOC determines it cannot address Defendant's alleged mental health needs appropriately, it is for the agency to consider other options under 11 *Del. C.* § 4217.[13]

**IT IS SO ORDERED that** Defendant's Motion for Sentence Modification is **DENIED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
         Department of Justice
         Investigative Services

---

[10] *Id.*

[11] *Id.* at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).

[12] D.I. 25.

[13] 11 *Del. C.* § 4217 (providing that "[t]he Court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause. . . .  Good cause under this section shall include . . . serious medical illness or infirmity of the offender. . . .").