**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                       )
                       )
    v.                 )   I.D. No. 2105014420
                       )
ZACHERY BOWEN,         )
                       )
        Defendant.     )

## ORDER

Submitted: November 28, 2023
Decided: February 20, 2024

**AND NOW TO WIT,** this 20th day of February, 2024, upon consideration of Zachery Bowen ("Defendant")'s Motion for Modification of Sentence under Superior Court Criminal Rule 35(b), the State's response thereto, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.      On August 31, 2021, Defendant was indicted on charges for Rape First Degree and Sexual Abuse of a Child by a Person in a Position of Trust Authority or Supervision in the First Degree.[1]  Defendant was reindicted in September 2022.[2]  The nature of the offenses involves sexual acts committed by Defendant and his co-defendant girlfriend against Defendant's then four-year old

---

[1] D.I. 1.
[2] D.I. 13.

son. This included at least one act of rape committed at the direction of and videotaped by Defendant, simultaneously while he engaged in sexual intercourse with his co-defendant.[3]

2.  On April 5, 2023, Defendant pled guilty to Rape First Degree.[4] The Truth-In-Sentencing Guilty Plea Form signed by Defendant with the assistance of counsel confirmed that the maximum penalty that Defendant faced was life in prison with a minimum mandatory period of incarceration of twenty-five (25) years.[5] The State agreed to cap its recommendation of incarceration to thirty (30) years.[6]

3.  A presentence investigation (PSI) was ordered.[7] Upon review of the PSI, on August 11, 2023, the Court sentenced Defendant to a life sentence at Level V, suspended after forty (40) years pursuant to 11 *Del. C.* § 4204(k)[8], for the balance to be served at transitioning levels of Level IV and Level III probation.[9]

---

[3] Defendant was charged federally for distribution and production of child pornography.
[4] Case Review: Pled Guilty, D.I. 21.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] 11 *Del. C.* 4204(k)(1) provides:
> "Except as provided in this subsection, notwithstanding any statute, rule, regulation or guideline to the contrary, the court may direct as a condition to a sentence of imprisonment to be served at Level V or otherwise that all of a specified portion of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence."
[9] Sentence: Approved ASOP Order Signed and Filed, D.I. 22.

4. On November 8, 2023, Defendant, with the assistance of counsel, filed this timely Motion for Modification of Sentence under Rule 35(b).[10] Defendant asks this Court to reconsider its sentence. Alternatively, he seeks to remove the "k" portions of his sentence so that he may receive the benefit of earned good and merit time.[11]

5. The basis of the request is that Defendant is already serving a federal sentence of 262 months.[12] He further asserts that his co-defendant[13] received a ten-year sentence.[14]

6. The State responded and noted that although the sentence exceeded the State's agreement to cap the Level V time, the Court articulated the reasons for its sentence, memorialized the aggravators, and was "within its rights" to impose the sentence it did.[15] And that where Defendant executed plea paperwork with the understanding that he was facing a life sentence such that this result was a possibility at sentencing,[16] the State takes no further position.[17]

7. Under Superior Court Criminal Rule 35(b), the Court may reduce a

---

[10] D.I. 23.
[11] *Id.* at ¶¶ 6-7.
[12] *Id.* at ¶ 8.
[13] Defendant's co-defendant accepted a plea where she admitted that she engaged in committing sexual acts against Defendant's son at the direction of Defendant.
[14] *Id.* at ¶ 9.
[15] D.I. 25 at ¶¶ 2-3.
[16] *Id.* at ¶ 3.
[17] *Id.* at ¶ 4.

sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[18] "Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect."[19] Thus, relief under Rule 35(b) is within the sound discretion of the Sentencing Court.[20] Accordingly, a timely and non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[21]

8. This sentence was imposed pursuant to a Plea Agreement. After an appropriate plea colloquy, the Court addressed Defendant in open court and determined that Defendant understood the nature of the charge to which the plea was offered. He fully acknowledged in open court that the range of possible penalties included no less than twenty-five years and up to a maximum of life in prison. The Court imposed a sentence within that range. Defendant further acknowledged that no promises were made to him about what his sentence would be, that the State's recommendation to cap the sentence at thirty years was only a recommendation, and that the Court was not bound to that recommendation.[22]

9. To the extent that the sentence exceeded the applicable SENTAC guidelines, the Court articulated the aggravating factors that informed such departure: a need for correctional treatment, the vulnerability of the victim, the

---

[18] DEL. SUPER. CT. CRIM. R. 35(b) (emphasis added).
[19] *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002).
[20] *Id.*
[21] *Id*. at 1202 (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).
[22] D.I. 21.

multiple roles Defendant played in orchestrating, committing, and creating electronic images of the sexual offenses against his child, that they were committed by a person in a position of trust, and that anything less than the period imposed would unduly appreciate the nature of the offense of Rape First Degree.[23]

10. The Court further considered the victim's family implorations that Defendant's sentence be lengthy for not only his conduct but to consider the resultant damage, which remains unknown since the victim experiences nightmares, exhibits behavioral issues, and continues to recall the events involving his father.

11. That Defendant is serving a federal sentence for similar crimes was taken into consideration at the time of sentencing and does not now persuade this Court to modify this sentence. Defendant is to serve his sentence without the benefit of early release as authorized under Delaware law.

12. Defendant's Motion for Modification of Sentence is **DENIED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
    Erika B. LaCon, Esquire
    Nicholas R. Wynn, Deputy Attorney General
    Investigative Services Office

---

[23] *See* Sentencing Order, D.I. 22.